**UNITED STATES DISTRICT COURT**
                    **EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| PALM TRAN, INC. AMALGAMATED TRANSIT UNION LOCAL 1577 PENSION PLAN, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:20-cv-12698-LVP-EAS<br><br>Judge Linda V. Parker<br><br>Magistrate Judge Elizabeth A. Stafford |
| Plaintiff, | |
| v. | |
| CREDIT ACCEPTANCE CORPORATION, BRETT A. ROBERTS, and KENNETH S. BOOTH, | |
| Defendants. | |

**MOTION OF ONTARIO PROVINCIAL COUNCIL OF CARPENTERS'
PENSION TRUST FUND AND MILLWRIGHT REGIONAL COUNCIL OF
ONTARIO PENSION TRUST FUND FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

PLEASE TAKE NOTICE that proposed Lead Plaintiff Ontario Provincial Council of Carpenters' Pension Trust Fund ("Ontario Carpenters") and Millwright Regional Council of Ontario Pension Trust Fund ("MRCO"), respectfully moves the Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Ontario Carpenters and MRCO as Lead Plaintiff; (2) approving Ontario Carpenters and MRCO's selection of Labaton Sucharow LLP as Lead Counsel for the Class and Clark Hill PLC as Liaison Counsel to the Class; and (3) granting such other and further relief as the Court may deem just and proper (the "Motion").[1]

This Motion is made on the grounds that Ontario Carpenters and MRCO are the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff.  Ontario Carpenters and MRCO have the "largest financial interest" in the relief sought by the Class in this action.  Ontario Carpenters and MRCO also otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of other Class members' claims, and because Ontario Carpenters and MRCO will fairly and adequately represent the Class.  Further, Ontario Carpenters and MRCO are the paradigmatic Lead Plaintiff envisioned by Congress in enacting the PSLRA because they are sophisticated institutional investors with a

---

[1]  Pursuant to Local Rule 7.1(a) and Your Honor's Practice Guidelines for Motion Practice, parties are required to seek a concurrence before filing a motion.  Because of the PSLRA's procedure, however, whereby any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as Lead Plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), Ontario Carpenters and MRCO will not know which other Class members, if any, will seek appointment as Lead Plaintiff until after motions are filed on or before December 1, 2020.  Accordingly, Ontario Carpenters and MRCO respectfully request that this conferral requirement be waived in this narrow instance.

substantial financial stake in the litigation that will provide effective monitoring and supervision of counsel.

Ontario Carpenters and MRCO respectfully request oral argument.

This Motion is based upon the accompanying supporting Memorandum of Law, the Index of Exhibits filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, Ontario Carpenters and MRCO respectfully request that the Court grant their motion and enter an Order: (1) appointing Ontario Carpenters and MRCO as Lead Plaintiff; (2) approving Ontario Carpenters and MRCO's selection of Labaton Sucharow LLP as Lead Counsel for the Class and Clark Hill PLC as Liaison Counsel to the Class; and (3) granting such other and further relief as the Court may deem just and proper.

DATED:  December 1, 2020

Respectfully submitted,

*/s/ Kelly E. Kane*

Kelly E. Kane (#P81912)
**CLARK HILL PLC**
500 Woodward Ave
Suite 3500
Detroit, Michigan 48226
Phone: (313) 309-9495
Facsimile: (313) 309-6875
kkane@clarkhill.com

**CLARK HILL PLC**
Ronald A. King (#P45088)
212 E. Cesar Chavez Ave
Lansing, Michigan 48906
Phone: (517) 318-3015
Facsimile: (517) 318-3068
rking@clarkhill.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
Francis P. McConville
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile:  (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff,*
*and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| PALM TRAN, INC. AMALGAMATED TRANSIT UNION LOCAL 1577 PENSION PLAN, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:20-cv-12698-LVP-EAS |
| Plaintiff, | Judge Linda V. Parker |
| v. | Magistrate Judge Elizabeth A. Stafford |
| CREDIT ACCEPTANCE CORPORATION, BRETT A. ROBERTS, and KENNETH S. BOOTH, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ONTARIO PROVINCIAL COUNCIL OF CARPENTERS' PENSION TRUST FUND AND MILLWRIGHT REGIONAL COUNCIL OF ONTARIO PENSION TRUST FUND FOR APPOINTMENT <u>AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

# TABLE OF CONTENTS

**PAGE**

STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2) ................................. iii

CONTROLLING OR MOST APPROPRIATE  AUTHORITY FOR THE RELIEF SOUGHT PURSUANT TO LR 7.1(d)(2) ........................................................................................... iv

PRELIMINARY STATEMENT ................................................................................. 1

FACTUAL BACKGROUND ..................................................................................... 3

ARGUMENT ......................................................................................................... 6

I.      ONTARIO CARPENTERS AND MRCO SHOULD BE APPOINTED LEAD PLAINTIFF ................................................................................. 6

     A.    The PSLRA Standard for Appointing Lead Plaintiff ................................. 6

     B.    Ontario Carpenters and MRCO Are the "Most Adequate Plaintiff" .......... 7

          1.    Ontario Carpenters and MRCO's Motion Is Timely ..................... 7

          2.    Ontario Carpenters and MRCO Have a Substantial Financial Interest ........................................................................... 8

          3.    Ontario Carpenters and MRCO Satisfy Rule 23's Typicality and Adequacy Requirements ........................................ 8

          4.    Ontario Carpenters and MRCO Are Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA ....................................................................................... 10

II.     ONTARIO CARPENTERS AND MRCO'S SELECTION OF LEAD COUNSEL MERITS APPROVAL .................................................................... 11

CONCLUSION ...................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)............................................................................11, 12

*Lax v. First Merchs. Acceptance Corp.*,
   No. 97–cv–02715, 1997 WL 461036 (Aug. 11, 1997) ............................................8

*Pio v. Gen. Motors Co.*,
   No. 14-11191, 2014 WL 5421230 (E.D. Mich. Oct. 24, 2014)........................7, 8, 9

*Ruckel v. Ford Motor Co.*,
   No. 17-cv-13536, 2018 WL 783534 (E.D. Mich. Feb. 7, 2018)....................8, 9, 10

**Rules & Statutes**

Fed. R. Civ. P. 23 ................................................................................. *passim*

15 U.S.C. § 78u-4(a)(3) ....................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   No. 04-cv-08141 (S.D.N.Y.)................................................................................12

 *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
   No. 08-md-01963 (S.D.N.Y.) ..............................................................................12

*In re Fannie Mae 2008 Sec. Litig.*,
   No. 08-cv-07831 (S.D.N.Y.)................................................................................12

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
   No. 09-md-02027 (S.D.N.Y.) ..............................................................................12

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ..........................10, 12

**STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2)**

1.      Whether Ontario Provincial Council of Carpenters' Pension Trust Fund ("Ontario Carpenters") and Millwright Regional Council of Ontario Pension Trust Fund ("MRCO") possess the largest financial interest in the relief sought by the Class.

Ontario Carpenters and MRCO Answer: Yes.

2.      Whether Ontario Carpenters and MRCO have made the required preliminary showing they are a typical and adequate Class representative.

Ontario Carpenters and MRCO Answer: Yes.

3.      Whether any opposing movant can offer the required proof to rebut the presumption that Ontario Carpenters and MRCO are the most adequate plaintiff.

Ontario Carpenters and MRCO Answer: No.

4.      Whether the Court should approve Ontario Carpenters and MRCO's selection of Lead Counsel and Liaison Counsel.

Ontario Carpenters and MRCO Answer: Yes.

**CONTROLLING OR MOST APPROPRIATE**
**AUTHORITY FOR THE RELIEF SOUGHT PURSUANT TO LR 7.1(d)(2)**

1.      15 U.S.C. § 78u-4(a)(3).

2.      *Pio v. Gen. Motors Co.*, No.  14-11191, 2014 WL 5421230 (E.D. Mich. Oct. 24, 2014).

3.      *Ruckel v. Ford Motor Co.*, No. 17-cv-13536, 2018 WL 783534, at *2 (E.D. Mich. Feb. 7, 2018).

4.      H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730.

Proposed Lead Plaintiff Ontario Provincial Council of Carpenters' Pension Trust Fund ("Ontario Carpenters") and Millwright Regional Council of Ontario Pension Trust Fund ("MRCO") respectfully submit this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of their motion for the entry of an Order: (1) appointing Ontario Carpenters and MRCO as Lead Plaintiff in the above-captioned action (the "Action"); (2) approving Ontario Carpenters and MRCO's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and Clark Hill PLC ("Clark Hill") as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Ontario Carpenters and MRCO—two sophisticated institutional investors with a pre-existing relationship—respectfully submit that they should be appointed Lead Plaintiff in the Action on behalf of a class consisting of all persons or entities who purchased or otherwise acquired Credit Acceptance Corporation ("Credit Acceptance" or the "Company") common stock from November 1, 2019 through August 28, 2020, inclusive (the "Class Period"), who were damaged thereby (the "Class").  The Action seeks to recover damages caused by violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its executive officers (collectively, "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative

under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed herein, Ontario Carpenters and MRCO respectfully submit that they are the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Ontario Carpenters and MRCO incurred losses of ***$326,271.51*** on their Class Period transactions in Credit Acceptance common stock as calculated on a last-in-first-out ("LIFO") basis.[2] Accordingly, Ontario Carpenters and MRCO have a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' violations of the federal securities laws—an interest believed to be greater than that of any other qualified movant. In addition to asserting a substantial financial interest in this litigation, Ontario Carpenters and MRCO also satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of all members of the Class, and they will fairly and adequately represent the Class. Moreover, the PSLRA's legislative history shows that large, sophisticated institutional investors like Ontario Carpenters and MRCO are precisely the type of investor that Congress intended to empower to lead securities class action litigation.

Finally, pursuant to the PSLRA, Ontario Carpenters and MRCO respectfully request that the Court approve their selection of Labaton Sucharow as Lead Counsel for the Class and Clark Hill PLC as Liaison Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Labaton Sucharow is a nationally recognized securities class action firm that has

---

[2] A copy of the Certifications of Ontario Carpenters and MRCO are attached as Exhibit A to the Index of Exhibits. The Certifications sets forth all transactions of Ontario Carpenters and MRCO in Credit Acceptance common stock during the Class Period. In addition, a table reflecting the calculation of financial losses sustained by Ontario Carpenters and MRCO on their Class Period transactions in Credit Acceptance common stock ("Loss Analysis") is attached as Exhibit B to the Index of Exhibits.

recovered billions of dollars for the benefit of injured investors, and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Ontario Carpenters and MRCO respectfully request that the Court appoint them as Lead Plaintiff for the Class and approve their choice of Lead Counsel.

## FACTUAL BACKGROUND

Credit Acceptance provides financing programs, and related products and services to independent and franchised automobile dealers in the United States.  These programs are offered through a nationwide network of automobile dealers who benefit from sales of vehicles to consumers who otherwise could not obtain financing, as 95% of Credit Acceptance's loans are considered subprime.  The Company's tag line is "We change lives!" and the Company asserts its financing programs give consumers "a second chance" in improving their credit scores.

However, rather than change lives for the better or improve consumers credit scores, Credit Acceptance employed a fraudulent scheme whereby it knowingly provided consumer auto loans that it knew could not be repaid and in fact consistently harmed consumers for its own financial benefit.  The Company did this despite knowing that it is illegal to knowingly provide loans that cannot be repaid and also charged usurious interest rates that violated state law. Further, in order to fund its operations, the Company then packaged these sub-standard loans in securitizations and knowingly misrepresented the structure and composition of these securitizations to unsuspecting investors.

The ugly truth about the Company's predatory and illegal business practices was revealed on August 28, 2020 when the Massachusetts Attorney General ("Mass AG") filed the a complaint against Credit Acceptance alleging that Credit Acceptance has, for years, been making unfair and deceptive automobile loans to thousands of Massachusetts consumers (the "Mass AG Complaint").  In addition, the lawsuit specifically alleges that Credit Acceptance provided its

investors with false and/or misleading information regarding the asset-backed securitizations they offered to investors, and that the Company engaged in unfair debt collection practices as well.

As alleged in the Mass AG Complaint, Credit Acceptance has been making high-risk, high-interest, subprime auto loans to Massachusetts borrowers whom the Company knew, or should have known, were unable to repay their loans.  In approving the loans, Credit Acceptance recklessly ignored the likelihood that the borrowers would default on their loans and that a substantial portion of its loans to high-risk, low-score borrowers would never be repaid—a practice that is in fact illegal.  Credit Acceptance also knew, based on its own collection, repossession, and deficiency data, and on its historical default data, that the performance of its loans was consistently abysmal, and that well over 50% of high-risk, low-score borrowers would default, typically just a little more than a year into their loans.

However, while the Company profited on these high-risk, low-score loans, default was catastrophic for borrowers, who lost their cars and down payments, had their credit scores damaged, and were left with an average debt after default of about $9,000—which Credit Acceptance continued to collect through unlawful and aggressive collection processes.  The Mass AG Complaint also detailed how the Company's collection employees continually harassed Massachusetts consumers by calling them as often as eight times a day, while Massachusetts law permits no more than two calls per week.

Additionally, these borrowers were also subject to hidden finance charges on their Credit Acceptance loans as many borrowers were required to purchase vehicle service contracts as a condition of obtaining loans from the Company.  In addition, the Company's dealers added an extra markup to the prices of vehicles they sold to high-risk borrowers with poor credit or low

scores, and the extra markup was a hidden finance charge that was never disclosed to borrowers. Including the amount of the hidden finance charges in the calculation of the borrowers' interest rates results in an actual interest rate higher than the Massachusetts usury ceiling of 21% for virtually all of Credit Acceptance's borrowers subject to these charges.

Finally, the Mass AG Complaint alleges that, in order to fund its loans, Credit Acceptance sold securities to Massachusetts investors by means of false or misleading statements concerning the characteristics of the loans and contracts collateralizing the securities.  Notably, the Mass AG Complaint alleges that Credit Acceptance "***willfully*** deceived investors concerning the credit characteristics of the loans."

In response to the public disclosure of the Mass AG Complaint, Credit Acceptance's stock price fell $85.36 per share, or over 18%, to close at $374.07 per share over two trading days ending on September 1, 2020.

Based on the above, the Action alleges that: (1) the Company was topping off the pools of loans that they packaged and securitized with higher-risk loans; (2) Credit Acceptance was making high-interest subprime auto loans to borrowers that the Company knew borrowers would be unable to repay; (3) the borrowers were subject to hidden finance charges, resulting in loans exceeding the usury rate ceiling mandated by state law; (4) Credit Acceptance took excessive and illegal measures to collect debt from defaulted borrowers; (5) as a result, the Company was likely to face regulatory scrutiny and possible penalties from various regulators or lawsuits; and (5) as a result of the foregoing, Defendant's positive statements about the Company's business, operations, and adherence to appropriate laws and regulations were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' allegedly wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Ontario Carpenters and MRCO and the Class have suffered significant losses and damages.

## ARGUMENT

## I.    ONTARIO CARPENTERS AND MRCO SHOULD BE APPOINTED LEAD PLAINTIFF

Ontario Carpenters and MRCO respectfully submit that they should be appointed Lead Plaintiff because they filed the instant motion in a timely manner, have a substantial financial interest in this litigation, and satisfy the typicality and adequacy requirements of Rule 23.

### A.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-

4(a)(3)(B)(i).  In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or timely filed a motion to serve as Lead Plaintiff, (2) has the largest financial interest in the relief sought by the class, and (3) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Pio v. Gen. Motors Co.*, No. CIV. 14-11191, 2014 WL 5421230, at *2 (E.D. Mich. Oct. 24, 2014) (Parker, J.).  This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Gen. Motors Co.*, 2014 WL 5421230, at *8.  Under the framework established by the PSLRA, Ontario Carpenters and MRCO are the most adequate plaintiff and should be appointed Lead Plaintiff.

**B.      Ontario Carpenters and MRCO Are the "Most Adequate Plaintiff"**

**1.      Ontario Carpenters and MRCO's Motion Is Timely**

Ontario Carpenters and MRCO filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed action caused notice regarding the pending nature of this case to be published on *Globe Newswire,* a widely-circulated, national, business-oriented news wire service, on October 2, 2020.  *See* Index of Exhibits, Ex. C.  Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before December 1, 2020.  Ontario Carpenters and MRCO filed their motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

### 2.      Ontario Carpenters and MRCO Have a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

At the time of filing, Ontario Carpenters and MRCO believes they have the largest financial interest of any Lead Plaintiff movant. Pursuant to the four factors set forth in *Lax v. First Merchants Acceptance Corp.*, as adopted by this Court, financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See* No. 97–cv–02715, 1997 WL 461036, at *5 (Aug. 11, 1997); *see also Ruckel v. Ford Motor Co.*, No. 17-CV-13536, 2018 WL 783534, at *2 (E.D. Mich. Feb. 7, 2018) (Parker, J.) (utilizing *Lax* Factors); *Gen. Motors Co.*, 2014 WL 5421230, at *2 (same). During the Class Period, Ontario Carpenters and MRCO: (1) purchased 4,481 shares of Credit Acceptance common stock; (2) retained all 4,481 shares at the end of the Class Period; (3) made net expenditures of $1,801,492.83 on these shares; and (4) as a result of the alleged revelation of fraud, suffered a loss of ***$326,271.51***. *See* Loss Analysis, Ex. B.

Accordingly, Ontario Carpenters and MRCO have a substantial financial interest as a qualified movant seeking Lead Plaintiff status, and are the presumptive "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3.      Ontario Carpenters and MRCO Satisfy Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "At this

stage of the litigation, however, 'all that is required is a 'preliminary showing that the lead

plaintiff's claims are typical and adequate [of the class].'"  *Ford Motor Co.*, No. 17-CV-13536,

2018 WL 783534, at *2 (citation omitted).  Here, Ontario Carpenters and MRCO satisfy both

requirements.

Ontario Carpenters and MRCO's claims are typical of the claims asserted by the

proposed Class.   "Rule 23's 'typicality' requirement is met if the plaintiff's claims 'arise[] from

the same event or practice or course of conduct that gives rise to the claims of other class

members, and if his or her claims are based on the same legal theory.'" *Gen. Motors Co.*, 2014

WL 5421230, at *4 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)).

Here, like all members of the Class, Ontario Carpenters and MRCO allege that Defendants made

material misstatements and omissions regarding the Company's loan and debt collection

practices.  Ontario Carpenters and MRCO, as did all of the members of the Class, purchased

Credit Acceptance common stock in reliance on Defendants' alleged misstatements and

omissions and were damaged thereby.  Accordingly, because Ontario Carpenters and MRCO's

claims arise out of the same course of events and rely on the same legal theories as do the claims

of other Class members, the typicality requirement is satisfied.

Ontario Carpenters and MRCO likewise satisfy the adequacy requirement of Rule 23.

"The . . . 'adequacy' requirement is satisfied where the representative 'ha[s] common interests

with those of unnamed class representatives' and is 'capable of vigorously prosecuting the action

with the assistance of qualified counsel.'"  *Id.*  (quoting *Am. Med. Sys.*, 75 F.3d at 1082).  As

applied, Ontario Carpenters and MRCO will fairly and adequately represent the interests of the

proposed Class.  Indeed, Ontario Carpenters and MRCO, "unlike investors with a nominal

financial interest in the class action, [have] the incentive to monitor the litigation, control lead

counsel, and police any proposed settlement." *Ford Motor Co.*, 2018 WL 783534, at *3.

Moreover, Ontario Carpenters and MRCO have also retained counsel highly experienced in

prosecuting securities class actions vigorously and efficiently, *see infra* Section II, and timely

submitted its choice to the Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C. §§

78u-4(a)(3)(A)(i)(II) and (B)(v).  On this point, Ontario Carpenters and MRCO, as two

sophisticated institutional investors, unquestionably have the sophistication, resources, and

experience sufficient to pursue the above-captioned action to a successful conclusion, including

through the effective oversight of counsel.  Finally, there is no proof that Ontario Carpenters and

MRCO are "subject to unique defenses that render such plaintiff incapable of representing the

class," because no such proof exists.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Accordingly, Ontario

Carpenters and MRCO satisfy the adequacy requirement.

### 4.    Ontario Carpenters and MRCO Are Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

In addition to satisfying the requirements of Rule 23, Ontario Carpenters and MRCO—

large, sophisticated institutional investors with a pre-existing relationship—are precisely the type

of investors Congress envisioned, through the enactment of the PSLRA, to encourage to assume

a more prominent role in securities litigation.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995),

*reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing

the role of institutional investors in class actions will ultimately benefit shareholders and assist

courts by improving the quality of representation in securities class actions.").  Congress

reasoned that increasing the role of institutional investors, which typically have a large financial

stake in the outcome of the litigation, would be beneficial because institutional investors with a

large financial stake are more apt to effectively manage complex securities litigation.  *See id.* at

34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34.  Ontario Carpenters and MRCO are precisely

this type of investor, and thus their appointment squarely fits within the intent of the PSLRA.

Not only are Ontario Carpenters and MRCO paradigmatic lead plaintiff envisioned

through the passage of the PSLRA, but Ontario Carpenters and MRCO are a small, cohesive

group of such investors with a relationship that pre-dates this litigation.  *Cf. Ford Motor Co.*,

2018 WL 783534, at *2 (noting that "courts have . . . refused or expressed concern about

appointing unrelated groups of investors to serve jointly as lead counsel on the basis that doing

so 'would frustrate the PSLRA's attempt to put a stop to lawsuits by "professional plaintiffs" and

those lawyers who regularly recruit such plaintiffs.'" (quoting  *In re Telxon Corp. Sec. Litig.*, 67

F. Supp. 2d 803, 810-11 (N.D. Ohio 1999)).  Here, both Ontario Carpenters and MRCO are

Ontario-based union funds for members of the United Brotherhood of Carpenters within their

respective regions.[3] Further, Ontario Carpenters and MRCO share the same investment advisor,

as evidenced by the fact both entities purchased Credit Acceptance shares on the same dates for

identical per-share prices. *See* Loss Analysis, Ex. B.  Finally, in addition to sharing the same

investment advisor, Ontario Carpenters and MRCO also share the same third party

administrator.[4]

Accordingly, Ontario Carpenters and MRCO have the sophistication, resources, and

experience necessary to effectively litigate this matter and supervise counsel.

## II.   ONTARIO CARPENTERS AND MRCO'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject

to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d

---

[3] *See Canadian Counsels*, UBC, https://www.carpenters.org/canada-council/.
[4] *See* UBC Trust Fund Directory at 2, 11, https://www.carpenters.org/wp-content/uploads/2019/01/NEW-Reciprocal-Agreement-Trust-Fund-Directory.pdf (both listing Manion Wilkins as third party administrator).

201, 276 (3d Cir. 2001) (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").  Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Ontario Carpenters and MRCO have selected the law firm of Labaton Sucharow to represent the Class.  Labaton Sucharow has excelled as lead counsel in numerous actions on behalf of defrauded investors.  For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-08141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors; and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-01963 (S.D.N.Y.), in which the Firm served as co-lead counsel.  Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-02027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members, and secured a $170 million recovery as co-lead counsel in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-07831 (S.D.N.Y.).  Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions.  *See* Labaton Sucharow Firm Resume, Ex. D.

Likewise, Clark Hill is well qualified to represent the Class as Liaison Counsel.  Clark Hill maintains an office in this District, and is thus well qualified to represent the Class as Liaison Counsel.  See Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court.").

In light of the foregoing, the Court should approve Ontario Carpenters and MRCO's selection of Labaton Sucharow as Lead Counsel for the Class and Clark Hill as Liaison Counsel for the Class.  The Court can be assured that, by approving Ontario Carpenters and MRCO's choice of counsel, the Class will receive the highest caliber of representation.

## CONCLUSION

For the foregoing reasons, Ontario Carpenters and MRCO respectfully request that the Court grant their motion and enter an Order: (1) appointing Ontario Carpenters and MRCO as Lead Plaintiff; (2) approving Ontario Carpenters and MRCO's selection of Labaton Sucharow as Lead Counsel for the Class and Clark Hill as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

DATED:  December 1, 2020

Respectfully submitted,

*/s/ Kelly E. Kane*

Kelly E. Kane (#P81912)
**CLARK HILL PLC**
500 Woodward Ave
Suite 3500
Detroit, Michigan 48226
Phone: (313) 309-9495
Facsimile: (313) 309-6875
kkane@clarkhill.com

**CLARK HILL PLC**
Ronald A. King (#P45088)
212 E. Cesar Chavez Ave
Lansing, Michigan 48906
Phone: (517) 318-3015
Facsimile: (517) 318-3068
rking@clarkhill.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi

13

Francis P. McConville
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff,
and Proposed Lead Counsel for the
Class*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 1, 2020, I authorized the electronic filing of the

foregoing paper with the Clerk of the court using the ECF system which will send notification of

such filing to all counsel of record registered for electronic filing.

*/s/ Kelly E. Kane*_____
Kelly E. Kane (#P81912)
