UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PALM TRAN, INC. AMALGAMATED TRANSIT UNION LOCAL 1577 PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

Civil Case No. 20-cv-12698
Honorable Linda V. Parker

v.

CREDIT ACCEPTANCE CORPORATION, BRETT A. ROBERTS, and KENNETH S. BOOTH,

Defendants.
_______________________________________/

**OPINION & ORDER GRANTING MOTION OF ONTARIO PROVINCIAL COUNCIL OF CARPENTERS' PENSION TRUST FUND AND MILLWRIGHT REGIONAL COUNSEL OF ONTARIO PENSION TRUST FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL (ECF NO. 16)**

This putative class action lawsuit is filed under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The lawsuit asserts violations of federal law based on alleged false and misleading statements and omissions, concerning Credit Acceptance Corporation's business, operations, and adherence to the relevant laws and regulations. The plaintiffs claim that the statements and/or omissions concern (i) "topping off the pools of loans that [Defendants] packaged and securitized with higher-risk loans"; (ii) "making high interest subprime auto

loans to borrowers that the Company knew borrowers would be unable to repay"; (iii) "subject[ing] [borrowers] to hidden finance charges, resulting in loans exceeding the usury rate ceiling mandated by state law"; and (iv) "[taking] excessive and illegal measures to collect debt from defaulted borrowers." (ECF No. 1 at Pg. ID 6.) The following movants filed a motion seeking appointment as lead plaintiffs and appointment of their choice of lead counsel: (1) Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan ("Palm Tran"); (2) Ontario Provincial Council of Carpenters' Pension Trust Fund and Millwright Regional Counsel of Ontario Pension Trust Fund (together, "Ontario Trust Funds"); and (3) Canadian Elevator Industry Pension Trust Fund and Canadian Elevator Industry Welfare Fund (together, "Canadian Elevator Funds"). (ECF Nos. 15, 16, 17.)

The PSLRA requires a court to consider any motion filed by a class member seeking to be appointed as lead plaintiff and to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Although a motion for appointment as lead plaintiff and lead counsel may be unopposed, a court must evaluate the information before it and assess whether a party requesting appointment as lead plaintiff and their chosen counsel should serve in those capacities. The statute creates a rebuttable presumption that the most adequate plaintiff is the person who:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—(aa) will not fairly and adequately protect the interest of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*.

The PSLRA does not provide a methodology for determining which person has "the largest financial interest" in the litigation. In making this determination, however, courts have adopted the four factors outlined by the District Court for the Northern District of Illinois in *Lax v. First Merchants Acceptance Corp.*, No. 97-cv-02715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). *See, e.g., In re Olsten Corp. Sec. Litig*., 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (citing *Lax*); *In re The Goodyear Tire & Rubber Co. Sec. Litig.*, No. 5:03-cv-2166, 2004 WL 3314943, at *3 (N.D. Ohio May 12, 2004) (citing cases recognizing the four-factor inquiry outlined in *Lax*). The *Lax* factors are: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (i.e., shares purchased during and retained at the end of the class period); (3) the

total net funds expended during the class period; and (4) the approximate losses suffered during the class period. *Lax*, 1997 WL 461036, at *5.

As indicated above, the class member seeking lead plaintiff status must also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23 provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The PSLRA further provides that once the most adequate plaintiff is selected, the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v).

Palm Tran and Canadian Elevator Funds concede that they are not the movants with the largest financial interest in the relief sought by the class. (*See* ECF No. 18 at Pg. ID 301; ECF No. 20 at Pg. ID 321.) Ontario Trust Funds, therefore, benefits from the PSLRA's statutory presumption that they are the most

adequate plaintiffs to represent the purported class. They have the largest financial interest in the relief sought—with a claimed loss of $326,271.51 (ECF No. 16 at Pg. ID 215)—and neither Palm Tran nor Canadian Elevator Funds has rebutted the statutory presumption in accordance with the PSLRA. Ontario Trust Funds also makes a prima facie showing that they satisfy the requirements of Rule 23.

For these reasons, the Court concludes that Ontario Trust Funds should be appointed lead plaintiff. Moreover, their submissions demonstrate that their chosen counsel is competent, experienced, and qualified to represent the interests of the plaintiff class.

Accordingly,

**IT IS ORDERED** that the Motion of Ontario Provincial Council of Carpenters' Pension Trust Fund and Millwright Regional Counsel of Ontario Pension Trust Fund for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Ontario Provincial Council of Carpenters' Pension Trust Fund and Millwright Regional Counsel of Ontario Pension Trust Fund are appointed as lead plaintiffs.

**IT IS FURTHER ORDERED** that Labaton Sucharow is appointed as lead counsel and Clark Hill is appointed as liaison counsel.

**IT IS FURTHER ORDERED** that Motion of Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan for Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel (ECF No. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that Canadian Elevator Funds' Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (ECF No. 17) is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 28, 2021