# Exhibit 1

EXECUTION COPY

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| PALM TRAN, INC. AMALGAMATED TRANSIT UNION LOCAL 1577 PENSION PLAN, Individually and On Behalf of All Others Similarly Situated, | Case No. 20-cv-12698 Honorable Linda V. Parker |
| Plaintiff, | |
| v. | |
| CREDIT ACCEPTANCE CORPORATION, BRETT A. ROBERTS, and KENNETH S. BOOTH, | |
| Defendants. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement Agreement") is made and entered into by and between Lead Plaintiffs Ontario Provincial Council of Carpenters' Pension Trust Fund and Millwright Regional Council of Ontario Pension Trust Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and all other members of the proposed Settlement Class (defined below), on the one hand, and Defendants Credit Acceptance Corporation ("Credit Acceptance" or the "Company"), Brett A. Roberts and Kenneth S. Booth (collectively, "Defendants," and together with Lead Plaintiffs, the "Parties"), on the

other, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Eastern District of Michigan (the "Court"). This Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims as against the Released Defendant Parties and the Released Defendants' Claims as against the Released Plaintiff Parties (each of these terms as defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval.

**WHEREAS:**

A.    All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶1 hereof entitled "Definitions."

B.    On October 2, 2020, a securities class action complaint was filed in this Court by Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan on behalf of all persons and entities who purchased or otherwise acquired Credit Acceptance common stock from November 1, 2019, through August 28, 2020, in *Palm Tran, Inc. Amalgamated Transit Union Loc. 1577 Pension Plan v. Credit Acceptance Corp.*, No. 20-CV-12698 (E.D. Mich.) (the "Action"). ECF No. 1.

C.    On December 1, 2020, Ontario Provincial Council of Carpenters' Pension Trust Fund and Millwright Regional Council of Ontario Pension Trust Fund

filed a Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel.  ECF No. 16.

D.     On May 28, 2021, the Court issued an Opinion and Order (i) appointing Ontario Provincial Council of Carpenters' Pension Trust Fund and Millwright Regional Council of Ontario Pension Trust Fund as Lead Plaintiffs; and (ii) appointing Labaton Sucharow as Lead Counsel and Clark Hill as Liaison Counsel. ECF No. 28.

E.     On July 22, 2021, Lead Plaintiffs filed an Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), which is the operative complaint in this Action.  The Complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, on behalf of a class of all persons and entities who or which purchased or otherwise acquired Credit Acceptance common stock from May 4, 2018 through August 28, 2020, inclusive (the "Class Period"), and who were damaged thereby.

F.     On September 2, 2021, Defendants moved to dismiss all claims asserted against them in the Complaint pursuant to Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78u-4 *et seq.* (the "Motion to Dismiss").  ECF No. 35.  On October 14, 2021, Lead Plaintiffs opposed the Motion to Dismiss.  ECF No. 38.  On

November 11, 2021, Defendants filed a reply in further support of their Motion to Dismiss.  ECF No. 40.

      G.     In January 2022, Lead Plaintiffs and Defendants engaged Robert A. Meyer, a well-respected and highly experienced mediator, to assist them in exploring a potential negotiated resolution of the Action.  On April 1, 2022, Lead Plaintiffs and Defendants met with Mr. Meyer in an attempt to reach a settlement.  The mediation involved an extended effort to settle the claims and was preceded by the exchange of mediation submissions and other information.  Lead Plaintiffs and Defendants reached an agreement in principle to settle the claims against the Defendants on June 14, 2022, subject to the negotiation of the terms of a Stipulation and Agreement of Settlement and approval by the Court.  This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement between the Parties.

      H.     Throughout this litigation, Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws, and are entering into this Stipulation solely to avoid and eliminate the burden, expense, uncertainty, and risk of further litigation, as well as the business disruption associated therewith. Each Defendant has expressly denied and continues to deny any and all allegations of wrongdoing or liability arising out of any of the conduct, statements, acts or

- 4 -

omissions alleged, or that could have been alleged, in the Action, including, but not limited to, all contentions concerning Defendants' business, conduct and public statements, as well as contentions that any such conduct or events constitute wrongdoing or give rise to legal liability. Defendants also have denied and continue to deny, *inter alia*, the allegations that Lead Plaintiffs or Settlement Class Members have suffered damages or were otherwise harmed in any way by any of the Defendants or by the conduct alleged in the Action. Defendants further have asserted and continue to assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with applicable rules, regulations, and laws.

I.      This Stipulation, whether or not consummated, together with any proceedings related to any settlement or any of the terms thereof, whether or not consummated, shall in no event be construed as or deemed to be evidence supporting, or an admission or concession on the part of any Defendant or Released Defendant Party with respect to, any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that any of the Defendants have or could have asserted.

J.      Lead Plaintiffs believe that the claims asserted in the Action have merit and that the information developed to date supports the claims asserted. However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and

length of continued proceedings necessary to prosecute the Action through trial and appeals.  They also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation.  Lead Counsel also is mindful of the inherent problems of proof and the possible defenses to the claims and damages alleged in the Action.  Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel believe that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.

**NOW THEREFORE**, without any concession by Lead Plaintiffs that the Action lacks merit, and without any concession by the Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED**, by and among the Parties, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, waived, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

## **DEFINITIONS**

1.      As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)      "Action" or "Litigation" means the civil action captioned *Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan v. Credit Acceptance Corporation,* No. 2:20-cv-12698-LVP-EAS, pending in the United States District Court for the Eastern District of Michigan before the Honorable Linda V. Parker, United States District Judge, or any judge subsequently assigned, including any and all civil actions consolidated therewith.

(b)      "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

(c)      "Authorized Claimant" means a Settlement Class Member who submits a valid Claim Form to the Claims Administrator that is accepted for payment.

(d)     "Claim Form" or "Proof of Claim" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit A-2.

(e)     "Claims Administrator" means the firm to be retained by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to Settlement Class Members, to process Proofs of Claim, and to administer the Settlement.

(f)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)     "Class Period" means the period from May 4, 2018 through August 28, 2020, inclusive.

(h)     "Court" means the United States District Court for the Eastern District of Michigan.

(i)     "Defendants" means Credit Acceptance Corporation, Brett A. Roberts and Kenneth S. Booth.

(j)     "Defendants' Counsel" means the law firms of Skadden, Arps, Slate Meagher & Flom LLP and Dickinson Wright PLLC.

(k)     "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶36 below.

(l)     "Escrow Account" means the separate escrow account at Citibank, N.A. (Private Bank) that is established to receive the Settlement Amount for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(m)     "Escrow Agent" means Labaton Sucharow LLP and its successor(s).

(n)     "Fee and Expense Application" means Lead Counsel's application, on behalf of all Plaintiffs' Counsel (defined below), for an award of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the case, including any award to Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995.

(o)     "Final" means, with respect to any order or Judgment (or Alternative Judgment) of the Court, that such order or Judgment (or Alternative Judgment) represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of the passage, without action, of time for seeking appellate review.  Without limitation, an order or Judgment (or Alternative Judgment) becomes Final when:  (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an

appeal has been filed and either (i) the court of appeals has affirmed the order or Judgment (or Alternative Judgment), remanded the order or Judgment (or Alternative Judgment), or dismissed that appeal, and the time for any reconsideration or further appellate review has passed, or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or Judgment (or Alternative Judgment) or affirmed the court of appeals' decision affirming the order or Judgment (or Alternative Judgment) or affirming the court of appeals' decision dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to:  (i) attorneys' fees, costs, or expenses; (ii) the Plan of Allocation (as submitted or subsequently modified); or (iii) the procedures for determining Authorized Claimants' recognized claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment (or Alternative Judgment) from becoming Final.

(p)    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph,

"spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(q)     "Individual Defendants" means Brett A. Roberts and Kenneth S. Booth.

(r)     "Judgment" means the proposed final order and judgment to be entered by the Court approving the Settlement and dismissing the Complaint in its entirety with prejudice, substantially in the form attached hereto as Exhibit B.

(s)     "Lead Counsel" means Labaton Sucharow LLP.

(t)     "Lead Plaintiffs" means Ontario Provincial Council of Carpenters' Pension Trust Fund and Millwright Regional Council of Ontario Pension Trust Fund.

(u)     "Liaison Counsel" means Clark Hill PLC.

(v)     "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intend to apply to the Court for payment or reimbursement form the Settlement Fund.

(w)     "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and Litigation Expenses to Plaintiffs' Counsel; (ii)

Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

(x)     "Notice" means the long-form Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

(y)     "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(z)     "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(aa) "Plaintiffs' Counsel" means Lead Counsel, Liaison Counsel, and Himelfarb Proszanski.

(bb) "Plan of Allocation" means any plan for the distribution of the Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice. No Plan of Allocation is part of this Stipulation and the Released Defendant Parties shall have no responsibility or liability with respect thereto.

(cc) "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(dd) "Released Claims" means, to the fullest extent that the law permits their release, any and all claims, rights, liabilities, suits, actions, appeals, debts, obligations, demands, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential, or special damages, and restitution and disgorgement), losses, penalties, costs, expenses, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, judgments and causes of action of any nature whatsoever, whether known or Unknown (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless

- 13 -

of legal or equitable theory and whether arising under federal, state, local, common, statutory, administrative, or foreign law, including federal securities laws and any state disclosure laws, any other law, rule, ordinance, administrative provision or regulation, whether individual, direct, class, representative, legal, equitable, or any other type or in any other capacity, that: (a) were set forth, alleged or referred to in the Action; or (b) could have been asserted in the Action or in any forum, domestic or foreign, by Lead Plaintiffs or any other Settlement Class Member arising out of, based upon, or relating in any way to both (i) the purchase, acquisition, sale, or disposition of Credit Acceptance publicly traded common stock during the Class Period and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, or omissions involved, set forth, alleged or referred to in the Action. For the avoidance of doubt, Released Claims do not include: (i) claims to enforce the Settlement; (ii) claims or rights to a recovery from any governmental investigation or proceeding, if any, in any criminal or civil action against any of the Released Defendant Parties; or (iii) the claims of any Person who timely and validly requests exclusion from the Settlement Class.

(ee)   "Released Defendant Parties" means Defendants and each of their respective former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors,

controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them, in their capacities as such; and the predecessors, successors, assigns, estates, Immediate Family, heirs, executors, trusts, trustees, administrators, agents, legal representatives, and assignees of each of them, in their capacities as such.

(ff)    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

(gg)    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(hh)    "Released Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiffs, Plaintiffs' Counsel, and each of their respective past or present or future trustees, officers, directors, partners, employees, affiliates, contractors, auditors, principals, agents, attorneys, advisors, predecessors,

- 15 -

successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, legal representatives, and limited liability companies, in their capacities as such; and the spouses, Immediate Family, legal representatives, administrators, trustees, executors, and heirs of any Released Plaintiff Party who is an individual, in their capacities as such, as well as any trust of which any Released Plaintiff Party is the settlor or that is for the benefit of any of their Immediate Family. Released Plaintiff Parties does not include any Person excluded from the definition of the Settlement Class, including any Person who timely and validly seeks exclusion from the Settlement Class.

(ii)    "Releasing Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiffs, and each of their respective past or present or future trustees, officers, directors, partners, employees, affiliates, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, legal representatives, and limited liability companies, in their capacities as such; and the legal representatives, administrators, trustees, executors, and heirs of any Releasing Plaintiff Party who is an individual, in their capacities as such, as well as any trust of which any Releasing Plaintiff Party is the settlor or that is for the benefit of any of their Immediate Family. Releasing Plaintiff Parties does not include any Person excluded from the definition

- 16 -

of the Settlement Class, including any Person who timely and validly seeks exclusion from the Settlement Class.

(jj)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(kk)    "Settlement Amount" means the total principal amount of twelve million U.S. dollars ($12,000,000) in cash.

(ll)    "Settlement Class" or "Settlement Class Member" means all persons and entities who or which purchased or otherwise acquired the publicly traded common stock of Credit Acceptance during the Class Period and who were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each of the Individual Defendants; (iii) any person who was an employee, officer or director of Credit Acceptance during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has a controlling interest; (v) any subsidiary or affiliate of Credit Acceptance; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded person or entity, in their respective capacity as such.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.

(mm) "Settlement Fund" means the Settlement Amount and any interest or income earned thereon.

(nn)   "Settlement Hearing" means the hearing to be held by the Court to determine, *inter alia*, whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

(oo)   "Stipulation" means this Stipulation and Agreement of Settlement.

(pp)   "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit A-3.

(qq)   "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(rr)   "Unknown Claims" means any and all Released Claims that the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to

exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Releasing Plaintiff Parties or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows, suspects, or believes to be true with respect to the Action, the Released Claims, or the Released Defendants' Claims, but the Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Releasing Plaintiff Party shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to

- 19 -

the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiffs and Defendants acknowledge, and all Releasing Plaintiff Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.      The obligations incurred pursuant to this Stipulation are (a) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final; and (b) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims and Released Defendants' Claims.

3.      By operation of the Judgment or Alternative Judgment, as of the Effective Date, each of the Lead Plaintiffs, and each and every Releasing Plaintiff Party, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed and discharged any and all of the Released Claims against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties,

whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim or shares in the Net Settlement Fund.

4.      By operation of the Judgment or Alternative Judgment, as of the Effective Date, each of the Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their capacities as such, shall have fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged any and all of the Released Defendants' Claims against each of the Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any and all of the Released Defendants' Claims against any of the Released Plaintiff Parties.  Notwithstanding the foregoing, nothing in this Stipulation shall constitute a release or waiver of any insurance that may be available to any of the Defendants.

## THE SETTLEMENT CONSIDERATION

5.      In full settlement of the claims asserted in the Action against Defendants and in consideration of the release of the Released Claims against the Released Defendant Parties, all of which the Parties agree are good and valuable consideration, Credit Acceptance, on behalf of all Defendants, shall pay, or cause to be paid, the Settlement Amount into the Escrow Account within thirty (30) calendar days of the later of: (i) Lead Counsel's provision to Defendants' Counsel of complete

payment instructions (including a W-9 form) for the Escrow Account, and (ii) entry of an order granting preliminary approval of the proposed settlement by the Court.

6. Lead Plaintiffs and each of the Settlement Class Members shall look solely to the Settlement Fund as satisfaction of all claims that are released hereunder. With the sole exception of Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶5, and Defendants' obligations under ¶¶19 and 34, Defendants and Defendants' Counsel shall have no obligation to pay any additional amounts, nor any responsibility for, interest in, or liability whatsoever with respect to: (i) fees, expenses, costs, Taxes, liability or damages whatsoever alleged or incurred by Lead Plaintiffs or any Settlement Class Member, or by any of their attorneys, experts, advisors, agents or representatives with respect to the Action and Released Claims; (ii) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (iii) the management, investment, distribution, or allocation of the Settlement Fund; (iv) any Plan of Allocation; (v) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (vi) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vii) the payment or withholding of any Taxes, expenses, and/or costs incurred in

connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local tax returns.

7. Other than the obligation of Defendants to cause the payment of the Settlement Amount pursuant to ¶5, Defendants shall have no obligation to make or cause to be made any other payments into the Escrow Account or to any Settlement Class Member or Plaintiffs' Counsel in settlement of the Action or pursuant to this Stipulation.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

8. The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses of Plaintiffs' Counsel awarded by the Court and any awards to Lead Plaintiffs; (iv) to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants. The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the Court.

9. The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶20-32 hereof. The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held in the Escrow Account, and all interest and earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall

have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court. The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance. Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All investment risks of the Settlement Fund shall be borne solely by the Settlement Fund.

10.     After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this ¶10, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the

Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.  Consistent with the foregoing:

(a)     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. §1.468B promulgated thereunder, the "administrator" shall be the Escrow Agent or its successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this ¶10.

(b)     All Taxes (including any estimated Taxes, interest, or penalties) shall be paid out of the Settlement Fund.  In all events, Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority or any expenses associated therewith.

Defendants shall have no liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority. In the event any Taxes are owed by any of the Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)     Taxes with respect to the Settlement Fund and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval by Defendants. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this ¶10.

11.     This is not a claims-made settlement. As of the Effective Date, Defendants, and/or any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

## <u>ATTORNEYS' FEES AND EXPENSES</u>

12.      Lead Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the Action, including any earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.  Any attorneys' fees and Litigation Expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel immediately after entry of the order awarding such attorneys' fees and Litigation Expenses and entry of the Judgment or Alternative Judgment, or as otherwise ordered by the Court, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof.  Lead Counsel shall allocate any Court-awarded attorneys' fees and Litigation Expenses among Plaintiffs' Counsel.

13.      Any payment of attorneys' fees and Litigation Expenses pursuant to ¶12 above shall be subject to Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same rate as is earned by the Settlement Fund, if any, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed

- 27 -

by Final non-appealable court order. Lead Counsel shall make the appropriate refund or repayment no later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order. Any refunds required pursuant to this ¶13 shall be the obligation of Lead Counsel, including its partners, members and/or shareholders. Lead Counsel, as a condition of receiving such fees and expenses, on behalf of itself and each partner, member and/or shareholder of it, agrees that (a) its partners, members and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) it is liable for the full amount of all attorneys' fees and expenses paid from the Settlement Fund. Without limitation, Lead Counsel, and its partners, members and/or shareholders, agrees that the Court may, upon application of Defendants and notice to Lead Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should Lead Counsel, or its partners, members and/or shareholders fail to timely repay fees and expenses pursuant to this ¶13.

14.    With the sole exception of Defendants' obligation to cause the payment of the Settlement Amount into the Escrow Account as provided for in ¶5, Defendants

shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Lead Counsel in the Action that may occur at any time.

15. Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses among Plaintiffs' Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

16. Defendants shall have no responsibility for, and no liability whatsoever with respect to any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account. The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees and expenses ordered by the Court.

17. The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims

- 29 -

against the Released Defendant Parties, or any other orders entered pursuant to the Stipulation. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶37 or otherwise based on any objection or appeal with respect to fees or expenses awarded in the Action or the Court's or an appellate court's ruling with respect to fees and expenses awarded in the Action.

## NOTICE AND ADMINISTRATION EXPENSES

18.     Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

19.     After the Court enters the Preliminary Approval Order, without further approval from Defendants or further order of the Court, Lead Counsel may pay from the Settlement Fund all reasonable Notice and Administration Expenses actually incurred. Taxes may be paid as incurred without further order of the Court or approval of Defendants. Defendants shall have no responsibility for, and no liability whatsoever with respect to, notice to the Settlement Class or any Notice and Administrative Expenses, except that Defendants shall be responsible for providing any required notice under the Class Action Fairness Act of 2005 ("CAFA"), if any, at their own expense.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

20.     The Claims Administrator, subject to such supervision and direction of

Lead Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court. Defendants and Defendants' Counsel shall have no responsibility for (except as stated in ¶¶5 and 34 hereof), interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator and shall have no liability to the Settlement Class in connection with such administration.

21.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other Plan of Allocation as the Court may approve.

22.    Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation.  Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular Plan of Allocation be approved by the Court.  Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Stipulation or the Settlement in accordance with ¶37 or otherwise based on the Court's or any appellate court's ruling with respect to the

Plan of Allocation or any Plan of Allocation in the Action. Neither Defendants nor Defendants' Counsel shall have any responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

23.    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants whose recognized claim computes to $10.00 or more.

24.    If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after a reasonable amount of time from the date of initial distribution of the Net Settlement Fund, and after payment of outstanding Notice and Administration Expenses, Taxes, attorneys' fees and expenses, and any awards to Lead Plaintiffs, the Claims Administrator shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion until it is no longer economically feasible to do so. Thereafter, any *de minimis* balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses and any awards to Lead

Plaintiffs, shall be donated to Consumer Federation of America, or such other secular, non-profit approved by the Court.

## ADMINISTRATION OF THE SETTLEMENT

25.     Any Settlement Class Member who fails to submit a valid Claim Form (substantially in the form of Exhibit A-2) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and will be permanently barred and enjoined from bringing any action against the Released Defendant Parties concerning the Released Claims.

26.     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Lead Counsel shall have the discretion, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deem to be *de minimis* or formal or technical defects in any Claim Form submitted, or to accept untimely claims if distribution of the Net Settlement Fund will not be materially delayed thereby.  Lead Counsel shall bear no responsibility for the exercise or non-exercise of this discretion.  Defendants and Defendants' Counsel shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation

of the Net Settlement Fund, or the reviewing or challenging claims.  Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

27.    For purposes of determining the extent, if any, to which a Claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the notices, unless such deadline is extended by Lead Counsel in its discretion or by Order of the Court.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Lead Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and

will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind asserting any Released Claim against any Released Defendant Party. A Claim Form shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator, under supervision of Lead Counsel, shall notify, in writing, all Claimants whose claims the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the

- 35 -

Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose timely claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

28.     Each Claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim.  In connection with processing the Claim Forms, no discovery shall be allowed on the merits of the Action or the Settlement.

29.     Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all Claimants.  All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against the Released Defendant Parties concerning the Released Claims.

30.     All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

31.     No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶25-32) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

- 37 -

32.    No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

33.    Concurrently with their application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A.  The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, certify the Settlement Class for settlement purposes, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.  The motion shall request that the Settlement Hearing be set for at least 100 days after the filing of the motion seeking entry of the Preliminary Approval Order.

34.    Credit Acceptance shall provide to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiffs or the Settlement Class, within ten (10) calendar days of entry of the Preliminary Approval Order, its transfer records in electronic searchable form (such as Excel) of the names and addresses of Persons

who purchased or held Credit Acceptance publicly traded common stock during the Class Period.  Lead Counsel and the Claims Administrator shall use such transfer records solely to effectuate this Settlement and shall in all events keep the transfer records confidential and shall not distribute the transfer records to anyone besides Lead Counsel and the Claims Administrator.

## **TERMS OF THE JUDGMENT**

35.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## **EFFECTIVE DATE OF SETTLEMENT**

36.    The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)    entry of the Preliminary Approval Order in all material respects in the form annexed hereto as Exhibit A;

(b)    payment of the Settlement Amount into the Escrow Account;

(c)    Defendants have not exercised their option to terminate the Settlement under ¶¶37-38;

(d)    approval by the Court of the Settlement, following notice to the Settlement Class, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(e)    a Judgment, substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

## **WAIVER OR TERMINATION**

37.    Defendants and Lead Plaintiffs shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto, within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter (a) the Judgment in any material respect or (b) an Alternative Judgment that is acceptable to the Parties; or (iv) the date upon which the Judgment or Alternative Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States.  For the avoidance of doubt, Lead Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application or any Plan of Allocation.

38.     In addition to the foregoing, Defendants shall also have the right, which must be exercised collectively, to withdraw from the Settlement in the event the Termination Threshold (defined below) has been reached.

(a)     Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which Defendants shall have the right, which must be exercised collectively, to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold").  The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court; provided, however, that a copy of the Supplemental Agreement may be provided to any of the recipients of the notice referred to in ¶19 upon request, subject to appropriate arrangements to address the confidential nature of the Supplemental Agreement, including but not limited to redaction of the Termination Threshold.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal.  In the

event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶44-46 which shall continue to apply.

39.    The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Upon receiving any request for exclusion or a written retraction of such a request, Lead Counsel shall promptly, and certainly no later than five (5) calendar days after receiving a request for exclusion or a written retraction of such a request, notify Defendants' Counsel of such request for exclusion, or written retraction of a request for exclusion, and provide copies of such requests for exclusion or retractions and any documentation accompanying them by email.

40.    In addition to all of the rights and remedies that Lead Plaintiffs have under the terms of this Stipulation, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶5 above, but only if Lead Plaintiffs have first provided written notice of the election to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) business days of such written notice.

41.     Credit Acceptance warrants, as to the payments made or to be made on behalf of Defendants, that, at the time of entering into this Stipulation and at the time of such payments, Credit Acceptance will not be insolvent, nor will payment render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.  For the avoidance of doubt, this representation is made solely by Credit Acceptance, and not by Defendants' Counsel.

42.     If, before the Settlement becomes Final, a court of competent jurisdiction enters a final order determining that the transfer of money or any portion thereof to the Settlement Fund by or on behalf of Defendants was a preference, voidable transfer, fraudulent transfer, or similar transaction; and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment or Alternative Judgment entered in favor of the Defendants and the Parties shall be restored to their litigation positions as of June 13, 2022, including all rights and defenses that each of the Parties held as of that date.

43.     If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶37-42 above: (i) neither Defendants nor Lead Plaintiffs (as the case may be) will be required for any reason or under any

- 43 -

circumstance to exercise that option; and (ii) any exercise of that option shall be made in the sole and unfettered discretion of Defendants or Lead Plaintiffs, as applicable.

44.     With the exception of the provisions of this paragraph and ¶¶45-46 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action on June 13, 2022; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered.   In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiffs, in any court filing, deposition, at trial, or otherwise.

45.     In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid and any attorneys' fees and expenses that have been advanced or paid to Plaintiffs' Counsel in accordance with ¶¶12-13, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable

from the Settlement Amount, shall be returned to those who funded the Settlement Amount within thirty (30) calendar days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Lead Counsel. At the request of Defendants' Counsel, the Escrow Agent or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the Person(s) that made the deposits or as otherwise directed.

## **NO ADMISSION**

46.    Except as set forth in ¶47 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, the Supplemental Agreement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Released Defendant Parties

with respect to the truth of any allegation by Lead Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any of the Defendants' defenses;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Lead Plaintiffs, or any other member of the Settlement Class, as evidence of any infirmity in the claims of Lead Plaintiffs, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or

proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs, or any other member of the Settlement Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

47.    Notwithstanding ¶46 above, the Parties, and their respective counsel, may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Parties may file this Stipulation and/or the Judgment or Alternative

- 47 -

Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment.  All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

48.     The Supplemental Agreement and all of the exhibits to the Stipulation, except any Plan of Allocation to the extent incorporated in those exhibits, are material and integral parts of this Stipulation and are fully incorporated herein by this reference.

49.     The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Claims and Released Defendants' Claims.  Accordingly, the Parties agree not to make any application for sanctions, pursuant to Fed. R. Civ. P. 11 or other court rule or statute, with respect to any claim or defense in this Action. The Judgment or Alternative Judgment, as the case may be, shall contain a finding that the Parties and their counsel at all times complied with the requirements of Fed. R. Civ. P. 11.  The Parties agree that the amount paid and the other terms of the Settlement, with the help of a mediator, were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

50.    This Stipulation, along with its exhibits and the Supplemental Agreement, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto, or their successors.

51.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

52.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses and implementing and enforcing the terms of this Stipulation.

53.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party, or a waiver by any Party of any other prior or subsequent breach of this Stipulation.

54.    This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

55.    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or

immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

56.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

57.    All designations, agreements made, and orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

58.    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or via email in pdf format shall be deemed originals.

59.    This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

60.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties, including the Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

61.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of Michigan without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

62.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

63.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

64.     The Parties and their respective counsel agree not to assert in any statement made to any media representative (whether or not for attribution) that the Action was commenced or prosecuted by Lead Plaintiffs or defended by Defendants in bad faith without a reasonable basis, nor will they deny that the Action was commenced and prosecuted and defended in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, the Parties

and their counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defenses and resolution of the Action, and shall not suggest that the Settlement constitutes an admission of any claim or defense alleged.  The Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

65.    The Parties and their respective counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.  Lead Counsel shall provide drafts of all memoranda of law to be made in connection with the request for entry of a Preliminary Approval Order or the Judgment to Defendants' Counsel at least 3 calendar days, if practical, in advance of the filing date, and agree to consider in good faith any reasonable comments provided by Defendants' Counsel.

66.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or overnight courier service, or by email

transmission, with confirmation of receipt.  Notice shall be provided to counsel at the addresses set forth below.

67.    Except as otherwise provided herein, each Party shall bear its own costs.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of August 24, 2022.

**LABATON SUCHAROW LLP**

By: _____
Michael P. Canty
Thomas G. Hoffman, Jr.
Charles J. Stiene
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
mcanty@labaton.com
thoffman@labaton.com
cstiene@labaton.com

*Lead Counsel for Lead Plaintiffs and the Settlement Class*

**SKADDEN, ARPS, SLATE MEAGHER & FLOM LLP**

By: _____
Scott D. Musoff
Robert A. Fumerton
Patrick G. Rideout
One Manhattan West
New York, NY 10001

- 53 -

transmission, with confirmation of receipt.  Notice shall be provided to counsel at

the addresses set forth below.

67.    Except as otherwise provided herein, each Party shall bear its own

costs.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be

executed, by their duly authorized attorneys, as of August 24, 2022.

### LABATON SUCHAROW LLP

By: _____

　　 Michael P. Canty
　　 Thomas G. Hoffman, Jr.
　　 Charles J. Stiene
　　 140 Broadway
　　 New York, NY 10005
　　 Telephone: (212) 907-0700
　　 mcanty@labaton.com
　　 thoffman@labaton.com
　　 cstiene@labaton.com

　　 *Lead Counsel for Lead Plaintiffs and the*
　　 *Settlement Class*

### SKADDEN, ARPS, SLATE MEAGHER & FLOM LLP

By: _____

　　 Scott D. Musoff
　　 Robert A. Fumerton
　　 Patrick G. Rideout
　　 One Manhattan West
　　 New York, NY 10001

- 53 -

Telephone: (212) 735-3000
scott.musoff@skadden.com
robert.fumerton@skadden.com
patrick.rideout@skadden.com


**DICKINSON WRIGHT PLLC**

Thomas G. McNeill (P36895)
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
Telephone: (313) 223-3500
tmcneill@dickinsonwright.com

Scott R. Knapp (P61041)
123 W. Allegan Street, Suite 900
Lansing, Michigan 48933
Telephone: (517) 371-1730
sknapp@dickinsonwright.com


*Attorneys for Defendants Credit Acceptance Corporation, Brett A. Roberts and Kenneth S. Booth*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

PALM TRAN, INC. AMALGAMATED
TRANSIT UNION LOCAL 1577
PENSION PLAN, Individually and On
Behalf of All Others Similarly Situated,

        Plaintiff,

        v.

CREDIT ACCEPTANCE
CORPORATION, BRETT A.
ROBERTS, and KENNETH S. BOOTH,

        Defendants.

Case No. 20-cv-12698
Honorable Linda V. Parker

---

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT**

**WHEREAS:**

A.     As of August 24, 2022, Lead Plaintiffs Ontario Provincial Council of

Carpenters' Pension Trust Fund and Millwright Regional Council of Ontario

Pension Trust Fund[1] (collectively, "Lead Plaintiffs"), on behalf of themselves and

---

[1] The full name of Millwright Regional Council of Ontario Pension Trust Fund
was misspelled in some filings in the Action as "Millwright Regional Counsel of
Ontario Pension Trust Fund." All filings in connection with the Settlement have
been corrected.

all other members of the proposed Settlement Class, on the one hand, and
Defendants Credit Acceptance Corporation ("Credit Acceptance" or the
"Company"), Brett A. Roberts and Kenneth S. Booth (collectively, "Defendants,"
and together with Lead Plaintiffs, the "Parties"), on the other, entered into a
Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned
litigation (the "Action"), which is subject to review under Rule 23 of the Federal
Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the
terms and conditions of the proposed settlement of the Action and the claims alleged
in the Amended Class Action Complaint for Violations of the Federal Securities
Laws (the "Complaint"), filed on July 22, 2021, on the merits and with prejudice
(the "Settlement");

B.     The Court has reviewed and considered the Stipulation and the
accompanying exhibits;

C.     The Parties to the Stipulation have consented to the entry of this order;
and

D.     All capitalized terms used in this order that are not otherwise defined
herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of
_____, 2022 that:**

1.     **Preliminary Approval of Settlement**.  The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.     **Preliminary Certification of Settlement Class**.  Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of:  all persons and entities who or which purchased or otherwise acquired the publicly traded common stock of Credit Acceptance during the period from May 4, 2018 through August 28, 2020, inclusive, and who were damaged thereby.  Excluded from the Settlement Class are:  (i) Defendants; (ii) members of the Immediate Family of each of the Individual Defendants; (iii) any person who was an employee, officer or director of Credit Acceptance during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has a controlling interest; (v) any subsidiary or affiliate of Credit Acceptance; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded person or entity, in their respective capacity as such.  Also excluded from the Settlement Class are any persons or entities who or which have timely and validly sought exclusion from the

3

Settlement Class in accordance with the requirements set forth below and in the Notice.

3.   **Settlement Class Findings**.   The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)   the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)   there are questions of law and fact common to the Settlement Class Members;

(c)   the claims of Lead Plaintiffs are typical of the Settlement Class's claims;

(d)   Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)   the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)   a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently

litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Ontario Provincial Council of Carpenters' Pension Trust Fund and Millwright Regional Council of Ontario Pension Trust Fund are preliminarily certified as Class Representatives for the Settlement Class.  The law firm of Labaton Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class and Clark Hill PLC is preliminarily appointed Liaison Counsel.

5.      **Settlement Hearing**.  A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, on _____, 2022, at __:____ _.m., in Courtroom 206 of the Theodore Levin United States Courthouse, 231 Lafayette Boulevard, Detroit, Michigan, 48226, for the following purposes:

        (a)   to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)     to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)     to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiffs should be finally certified as Class Representatives for the Settlement Class; and whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class and Clark Hill PLC as Liaison Counsel;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)     to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website of the Claims Administrator.

7.     **Approval of Form and Manner of Giving Notice**.  The Court approves the form, substance and requirements of the Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Claim Form" and, together with the Notice, the "Notice Packet"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, and finds they: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled

to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

8.   **Retention of Claims Administrator and Notice Date**.   The Court approves the retention of JND Legal Administration as the Claims Administrator. The Claims Administrator shall commence the mailing of the Notice and the Claim Form, substantially in the forms annexed hereto, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.   Credit Acceptance, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, within ten (10) calendar days of entry of this Order and at no cost to Lead Counsel, the Settlement Class or the Claims Administrator, records from Credit Acceptance's transfer agent, in electronic searchable form, to the extent reasonably available, containing the names and addresses of Persons who purchased or held Credit Acceptance publicly traded common stock during the Class Period.

9.   **Nominee Procedures**.   The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other

persons and entities that purchased or otherwise acquired Credit Acceptance publicly traded common stock during the Class Period as record owners but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice Packet, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice Packet promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice Packet, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notice Packets from the Claims Administrator forward them to all such beneficial owners.  Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.  Nominees who elect to send the Notice Packet to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

10.     Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form.

11.     **Approval of Summary Notice**.  The Court approves the form of the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13.     **Participation in Settlement**.  In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in

accordance with the terms and conditions set forth in the Stipulation, each Claimant shall take the following actions and be subject to the following conditions:

(a)   A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, as indicated in the Notice, postmarked or received (in the case of electronic submissions) no later than five (5) calendar days before the Settlement Hearing. Such deadline may be further extended by Court order or by Lead Counsel in their discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator.

(b)   Any Settlement Class Member who does not timely and validly submit a Claim Form or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived any right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the releases provided for therein; and (d) will be permanently barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released

11

Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice.

(c)     The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of their current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(d)     As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.     Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own

choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

15.    **Exclusion from Settlement Class**.  Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan v. Credit Acceptance Corporation,* No. 2:20-cv-12698-LVP-EAS (E.D. Mich.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Credit Acceptance publicly traded common stock during the Class Period.  The request for exclusion shall not be effective unless it provides the required

information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.     **Objections to Settlement and Appearance at Settlement Hearing**. Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and Litigation Expenses.  Any objections must state: (a) the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in captioned *Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan v. Credit Acceptance Corporation,* No. 2:20-cv-12698-LVP-EAS (E.D. Mich.)"; (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, such as the number of shares of publicly traded common

14

stock of Credit Acceptance purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or Litigation Expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers on the Court and has served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that the objection is received no later than twenty-one (21) calendar days before the Settlement Hearing:

| | |
|---|---|
| **Court:** | Clerk of the Court<br>United States District Court for the Eastern District of Michigan<br>Theodore Levin U.S. Courthouse<br>231 W. Lafayette Blvd., Room 599<br>Detroit, MI 48226 |
| **Lead Counsel:** | Labaton Sucharow LLP<br>Attn: Michael P. Canty, Esq.<br>140 Broadway<br>New York, NY 10005 |
| **Defendants' Counsel:** | Skadden, Arps, Slate, Meagher & Flom LLP<br>Attn: Robert A. Fumerton, Esq.<br>      Patrick G. Rideout, Esq.<br>One Manhattan West<br>New York, NY 10001 |

18.    Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived

such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given, as set forth in Paragraph 13 above.

19.     Attendance at the Settlement Hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

20.     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

21.     Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or

prosecute any action which asserts Released Claims against the Released Defendant Parties.

22.   **Settlement Administration Fees and Expenses**. As provided in the Stipulation, prior to the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund.

23.   **Supporting Papers**.  All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

24.   **Settlement Fund**.  All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

25.   No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation

26.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiffs and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

27.     **Termination of Settlement**.   If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of June 13, 2022, including all rights and defenses that each of the Parties held as of that date.

28.     **Use of this Order**.   Neither this Order, the Stipulation (whether or not finally approved or consummated, and including any exhibits thereto, any Plan of Allocation contained therein or approved by the Court, and the Supplemental Agreement), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of

any fact alleged by Lead Plaintiffs,  or the validity of any claim that was or could

have been asserted, or the deficiency of any defense that has been or could have

been asserted in this Action or in any litigation, or of any liability, negligence,

fault, or other wrongdoing of any kind by any of the Released Defendant Parties;

(b) shall be offered against any of the Released Plaintiff Parties as evidence of, or

construed as, or deemed to be evidence of, any presumption, concession, or

admission with respect to any liability, negligence, fault, or wrongdoing of any

kind or in any way referred to for any other reason as against any of the Released

Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other

than such proceedings as may be necessary to effectuate the provisions of the

Stipulation; (c) shall be construed against any of the Released Parties as an

admission, concession, or presumption that the consideration to be given

represents the amount which could be or would have been recovered after trial;

provided, however, that if the Stipulation is approved by the Court, the Released

Parties and their respective counsel may refer to it to effectuate the protections

from liability granted hereunder or otherwise to enforce the terms of the

Settlement.

29.   **Jurisdiction**.  The Court retains exclusive jurisdiction over the Action

to consider all further matters arising out of or connected with the Settlement.

DATED this _____ day of  _____, 2022

BY THE COURT:

_____
HONORABLE LINDA V. PARKER
UNITED STATES DISTRICT JUDGE

# Exhibit A-1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| PALM TRAN, INC. AMALGAMATED TRANSIT UNION LOCAL 1577 PENSION PLAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION, BRETT A. ROBERTS, and KENNETH S. BOOTH,<br><br>Defendants. | Case No. 20-cv-12698<br>Honorable Linda V. Parker |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

If you purchased or otherwise acquired the publicly traded common stock of Credit Acceptance Corporation during the period from May 4, 2018 through August 28, 2020, inclusive (the "Class Period") and were damaged thereby, you may be entitled to a payment from a class action settlement.

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $12 million cash fund, plus earned interest, if any, for the benefit of Settlement Class Members after the deduction of Court-approved fees, expenses, and Taxes. This is an average recovery of approximately $1.95 per allegedly damaged

---

[1]    The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated as of _____ ___, 2022 (the "Stipulation"), which can be viewed at www._____.com.  All capitalized terms not defined in this Notice have the same meanings as in the Stipulation.

share before deductions for awarded attorneys' fees and litigation expenses, and $1.34 per allegedly damaged share after deductions for awarded attorneys' fees and Litigation Expenses, as discussed more below.

- The Settlement resolves claims by Court-appointed Lead Plaintiffs Ontario Provincial Council of Carpenters' Pension Trust Fund and Millwright Regional Council of Ontario Pension Trust Fund ("Lead Plaintiffs") that have been asserted on behalf of the Settlement Class (defined below) against Defendants Credit Acceptance Corporation ("Credit Acceptance" or the "Company"), Brett A. Roberts and Kenneth S. Booth (collectively, the "Individual Defendants" and, with Credit Acceptance, "Defendants" and, together with Lead Plaintiffs, the "Parties").  It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.**
**Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM ON OR BEFORE _____, 2022** | The _only_ way to get a payment.  *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS ON OR BEFORE _____, 2022** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims.  *See* Question 10 for details. |
| **OBJECT ON OR BEFORE _____, 2022** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application.  If you object, you will still be in the Settlement Class.  *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON _____, 2022 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2022** | Ask to speak to the Court at the Settlement Hearing about the Settlement.  *See* Question 18 for details. |

| **DO NOTHING** | Get no payment.  Give up rights.  Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement.  Payments will be made to Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## PSLRA SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1.     Lead Plaintiffs have entered into the proposed Settlement with Defendants which, if approved by the Court, will resolve the Action in its entirety. Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $12,000,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Lead Plaintiffs' damages expert's estimate of the number of shares of Credit Acceptance publicly traded common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, awards to Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Taxes, and Notice and Administration Expenses, would be approximately $1.95 per allegedly

damaged share.[2]    If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $1.34 per allegedly damaged share.    **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.**    A Settlement Class Member's actual recovery will depend on, for example: (i) the number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of Credit Acceptance publicly traded common stock the Settlement Class Member purchased during the Class Period; and (iv) whether and when the Settlement Class Member sold Credit Acceptance publicly traded common stock.    *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if**
**the Action Continued to Be Litigated**

2.    The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiffs were to prevail on each claim.    The issues that the Parties disagree about include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such statements or omissions were made with the requisite

---

[2]    An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

level of intent or recklessness; (iii) the amounts by which the price of Credit Acceptance publicly traded common stock was allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors unrelated to the alleged statements or omissions, such as general market, economic, and industry conditions, influenced the trading prices of Credit Acceptance publicly traded common stock during the Class Period.

3.     Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.     Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, *i.e.,* $3,600,000.00, plus accrued interest at the same rate earned by the Settlement Fund, if any.[3]  Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $125,000, plus accrued interest at the same rate earned by the Settlement Fund, which may include an application pursuant to the PSLRA for the

---

[3]     Plaintiffs' Counsel are Labaton Sucharow LLP, Clark Hill PLC, and Himelfarb Proszanski.

reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class.  If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.61 per allegedly damaged share of Credit Acceptance publicly traded common stock.  A copy of the Fee and Expense Application will be posted on www. _____ after it has been filed with the Court.

**Reasons for the Settlement**

5.     For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"); the risk that the Court may grant the motion to dismiss filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in such litigation.

6.     For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.    Lead Plaintiffs and the Settlement Class are represented by Lead Counsel: Michael P. Canty, Esq., Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, settlementquestions@labaton.com.

8.    Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: _____, (_____) ____-____, www._____com.

**Please Do Not Call the Court with Questions About the Settlement.**
**BASIC INFORMATION**

| 1.  Why did I get this Notice? |
| --- |

9.    The Court authorized that this Notice be sent to you because you or someone in your family may have purchased or otherwise acquired Credit Acceptance publicly traded common stock during the period from May 4, 2018 through August 28, 2020, inclusive (the "Class Period").  **Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  The Parties do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.  *See* Question 8 below.**

10.    The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this

class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.     The Court in charge of the Action is the United States District Court for the Eastern District of Michigan, and the case is captioned *Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan v. Credit Acceptance Corporation,* No. 2:20-cv-12698-LVP-EAS.   The Action is assigned to the Honorable Linda V. Parker, United States District Judge.

| **2.  How do I know if I am part of the Settlement Class?** |
| --- |

12.     By the Preliminary Approval Order, the Court preliminarily certified the Action as a class action on behalf of the following Settlement Class.  Everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

> **All persons and entities who or which purchased or otherwise acquired the publicly traded common stock of Credit Acceptance during the period from May 4, 2018 through August 28, 2020, inclusive, and who were damaged thereby.**

13.     If one of your mutual funds purchased Credit Acceptance publicly traded common stock during the Class Period, that does not make you a Settlement Class Member, although your mutual fund may be.  You are a Settlement Class Member only if you individually purchased Credit Acceptance publicly traded

common stock during the Class Period.  Check your investment records or contact your broker to see if you have any eligible purchases.  The Parties do not independently have access to your trading information.

| 3.  Are there exceptions to being included? |
|---|

14.     Yes.  There are some individuals and entities who are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each of the Individual Defendants; (iii) any person who was an employee, officer or director of Credit Acceptance during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has a controlling interest; (v) any subsidiary or affiliate of Credit Acceptance; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion in accordance with the procedures described in Question 10 below.

| 4.  Why is this a class action? |
|---|

15.     In a class action, one or more persons or entities (in this case, Lead Plaintiffs), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One

court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed Ontario Provincial Council of Carpenters' Pension Trust Fund and Millwright Regional Council of Ontario Pension Trust Fund to serve as Lead Plaintiffs and Labaton Sucharow LLP to serve as Lead Counsel.

---

### 5.  What is this case about and what has happened so far?

16.    On October 2, 2020, a securities class action complaint was filed in this Court by Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan on behalf of investors in Credit Acceptance common stock, styled *Palm Tran, Inc. Amalgamated Transit Union Loc. 1577 Pension Plan v. Credit Acceptance Corp.*, No. 20-CV-12698 (E.D. Mich.) (the "Action").  The complaint asserted claims: (i) against all Defendants for violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (ii) against all Individual Defendants for violations of Section 20(a) of the Exchange Act.

17.    On December 1, 2020, Ontario Provincial Council of Carpenters' Pension Trust Fund and Millwright Regional Council of Ontario Pension Trust Fund filed a Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel.  On May 28, 2021, the Court issued an Opinion and Order (i) appointing Ontario Provincial Council of Carpenters' Pension Trust Fund and Millwright Regional Council of Ontario Pension Trust Fund as Lead Plaintiffs; and

(ii) appointing Labaton Sucharow as Lead Counsel and Clark Hill as Liaison Counsel.

18.    Lead Plaintiffs maintain that, through Lead Counsel, they continued their investigation into the claims alleged in the initial complaint, for the purpose of drafting a comprehensive consolidated complaint and otherwise.  This process included, among other things, a comprehensive review of: (i) the Company's filings with the U.S. Securities and Exchange Commission ("SEC"); (ii) press releases and other publications disseminated by the Company; (iii) shareholder communications, conference calls and postings on Credit Acceptance's website concerning the Company's public statements; (iv) research reports issued by financial analysts concerning the Company; (v) an enforcement action filed against the Company by the Massachusetts Attorney General; (vi) public records produced by the SEC and the Massachusetts Attorney General's Office; (vii) documents produced in response to public record requests; (viii) other publicly available information concerning Defendants; and (ix) the applicable law governing the claims and potential defenses. Additionally, as part of its investigation, Lead Counsel maintains that it contacted 143 former Credit Acceptance employees who potentially had knowledge of the alleged events, and conducted interviews with 31 of them.  Lead Counsel also maintains that it consulted with an expert on valuation and damages and loss causation issues.

19.    On July 22, 2021, Lead Plaintiffs filed an Amended Class Action Complaint for Violations of the Federal Securities Laws (the Complaint), which is the operative complaint in this Action.  The Complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC.

20.    In January 2022, Lead Plaintiffs and Defendants engaged Robert A. Meyer, a well-respected and highly experienced mediator, to assist them in exploring a potential negotiated resolution of the Action.  On April 1, 2022, Lead Plaintiffs and Defendants met with Mr. Meyer in an attempt to reach a settlement. The mediation involved an extended effort to settle the claims and was preceded by the exchange of mediation submissions and other information.  Lead Plaintiffs and Defendants reached an agreement in principle to settle the claims against the Defendants on June 14, 2022, subject to the negotiation of the terms of a Stipulation and Agreement of Settlement and approval by the Court

21.    The Stipulation (together with the exhibits thereto) reflects the final and binding agreement between the Parties.

## 6.  What are the reasons for the Settlement?

22.    The Court did not finally decide in favor of Lead Plaintiffs or Defendants.  Instead, both sides agreed to a settlement.  Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings needed to pursue the

claims through trial and appeals, as well as the difficulties in establishing liability. Assuming the claims proceeded to trial, the Parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiffs and the Settlement Class. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

23.     Throughout the litigation, Defendants have denied and continue to deny any and all wrongdoing whatsoever, including each and every one of the claims alleged by Lead Plaintiffs in the Action, all claims in the Complaint, and any allegation that they have committed any act or omission giving rise to any liability or violation of law. Defendants deny the allegations that they made any material misstatements or omissions; that any Member of the Settlement Class has suffered damages; that the prices of Credit Acceptance publicly traded common stock were artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that Members of the Settlement Class were harmed by the conduct alleged. Nonetheless, Defendants have agreed to the Settlement to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

## THE SETTLEMENT BENEFITS

| 7.  What does the Settlement provide? |
| --- |

24.     In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties (*see* Question 9 below), Defendants have agreed to cause a $12 million cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

| 8.  How can I receive a payment? |
| --- |

25.     To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice. You may also obtain one from the website dedicated to the Settlement: www._____.com, or submit a claim online at www._____.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (____) ___-_____.

26.     Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than _____, 2022.**

- 14 -

<div style="border:1px solid black; padding:8px;">

**9.  What am I giving up to receive a payment and by staying in the Settlement Class?**

</div>

27.     If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you and the other "Releasing Plaintiff Parties" will release all "Released Claims" against the "Released Defendant Parties."   All of the Court's orders in the Action, whether favorable or unfavorable, will apply to you and legally bind you.

(a)     **"Released Claims"** means, to the fullest extent that the law permits their release, any and all claims, rights, liabilities, suits, actions, appeals, debts, obligations, demands, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential, or special damages, and restitution and disgorgement), losses, penalties, costs, expenses, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, judgments and causes of action of any nature whatsoever, whether known or Unknown (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, local, common, statutory, administrative, or foreign law, including federal securities laws and any state disclosure laws, any other law, rule, ordinance, administrative provision or regulation, whether individual, direct, class, representative, legal, equitable, or any

other type or in any other capacity, that: (a) were set forth, alleged or referred to in the Action; or (b) could have been asserted in the Action or in any forum, domestic or foreign, by Lead Plaintiffs or any other Settlement Class Member arising out of, based upon, or relating in any way to both (i) the purchase, acquisition, sale, or disposition of Credit Acceptance publicly traded common stock during the Class Period and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, or omissions involved, set forth, alleged or referred to in the Action. For the avoidance of doubt, Released Claims do not include: (i) claims to enforce the Settlement; (ii) claims or rights to a recovery from any governmental investigation or proceeding, if any, in any criminal or civil action against any of the Released Defendant Parties; or (iii) the claims of any Person who timely and validly requests exclusion from the Settlement Class.

(b)    **"Released Defendant Parties"** means Defendants and each of their respective former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them, in their capacities as such; and the predecessors, successors, assigns, estates,

Immediate Family, heirs, executors, trusts, trustees, administrators, agents, legal representatives, and assignees of each of them, in their capacities as such.

(c)     "**Unknown Claims**" means any and all Released Claims that the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Releasing Plaintiff Parties or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows, suspects, or believes to be true with respect to the Action, the Released Claims, or the Released Defendants' Claims, but the Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Releasing Plaintiff Party shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.   Lead Plaintiffs and Defendants acknowledge, and all Releasing Plaintiff Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

28.    The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.   Upon the "Effective Date," the Released Defendant Parties will also provide a release of any claims against the Released Plaintiff Parties arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

29.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.  Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

| **10.  How do I exclude myself from the Settlement Class?** |
|---|

30.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan v. Credit Acceptance Corporation,* No. 2:20-cv-12698-LVP-EAS (E.D. Mich.)."  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Credit Acceptance publicly traded common stock the person or entity purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the Person requesting exclusion or an authorized

representative.  A request for exclusion must be mailed so that it is **received no later than _____, 2022** at:

*Credit Acceptance Securities Litigation*
c/o _____
P.O. Box _____
_____

31.     This information is needed to determine whether you are a member of the Settlement Class.  Your exclusion request must comply with these requirements in order to be valid.

32.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

---

**11.   If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?**

---

33.     No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Class to continue your own lawsuit, assuming that lawsuit was timely brought.

Remember, the exclusion deadline is _____, **2022.**

## THE LAWYERS REPRESENTING YOU

| **12.  Do I have a lawyer in this case?** |
| --- |

34.     Labaton Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members.  You will not be separately charged for the work of Lead Counsel and the other Plaintiffs' Counsel.  The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **13.  How will the lawyers be paid?** |
| --- |

35.     Lead Counsel, together with other Plaintiffs' Counsel, has been prosecuting the Action on a contingent basis and has not been paid for any of their work.  Lead Counsel will apply to the Court, on behalf of itself and the other Plaintiffs' Counsel firms, for an award of attorneys' fees of no more than 30% of the Settlement Fund, which will include any accrued interest.  Lead Counsel has agreed to share the awarded attorneys' fees with Plaintiffs' Counsel.  Payment to the other Plaintiffs' Counsel firms will in no way increase the fees that are deducted from the Settlement Fund.  Lead Counsel will also seek payment of Litigation Expenses incurred by Plaintiffs' Counsel in the prosecution and settlement of the Action of no more than $125,000, plus accrued interest, if any, which may include an application in accordance with the PSLRA for the reasonable costs and expenses

(including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class. As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14. How do I tell the Court that I do not like something about the proposed Settlement?**

36. If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application. You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

37. To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan v. Credit Acceptance Corporation,* No. 2:20-cv-12698-LVP-EAS (E.D. Mich.)." The objection must also: (i) state the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific

subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, including the number of shares of Credit Acceptance publicly traded common stock purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.  Your objection must be filed with the Court **no later than** _____, **2022 and** be mailed or delivered to the following counsel so that it is **received no later than** _____, **2022.**

| **Court** | **Lead Counsel** | **Defendants' Counsel Representative** |
|---|---|---|
| **Clerk of the Court** | **Labaton Sucharow LLP** | **Skadden, Arps, Slate Meagher & Flom LLP** |
| United States District Court Eastern District of Michigan Theodore Levin U.S. Courthouse 231 W. Lafayette Blvd., Room 599 Detroit, MI 48226 | Michael P. Canty, Esq. 140 Broadway New York, NY 10005 | Robert A. Fumerton, Esq. Patrick G. Rideout, Esq. One Manhattan West New York, NY 10001 |

38.     You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Settlement Class Member who

has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing. If the Settlement Hearing is held remotely, instructions for participating will be posted at www. _____.

### 15.  What is the difference between objecting and seeking exclusion?

39.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

### THE SETTLEMENT HEARING

### 16.  When and where will the Court decide whether to approve the Settlement?

40.     The Court will hold the Settlement Hearing on _____, 2022 at _____ _.m., either remotely or in person, in Courtroom 206 of the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI, 48226.

41.     At this hearing, the Honorable Linda V. Parker will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

42.     The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another individual notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time and procedures for participating have not changed, or periodically check the Settlement website at www._____.com to see if the Settlement Hearing stays as scheduled or is changed.

## 17.  Do I have to come to the Settlement Hearing?

43.     No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of

Appearance in the manner described in the answer to Question 18 below **no later than _____, 2022**.

| **18. May I speak at the Settlement Hearing?** |
| --- |

44.    You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than _____ __, 2022,** submit a statement that you, or your attorney, intend to appear in "*Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan v. Credit Acceptance Corporation,* No. 2:20-cv-12698-LVP-EAS (E.D. Mich.)."  If you intend to present evidence at the Settlement Hearing, you must also include in your objection (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

## IF YOU DO NOTHING

| **19. What happens if I do nothing at all?** |
| --- |

45.    If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against

Defendants and the other Released Defendant Parties concerning the Released Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

| **20. Are there more details about the Settlement?** |
| --- |

46. This Notice summarizes the proposed Settlement. More details are contained in the Stipulation. You may review the Stipulation filed with the Court or other documents in the case during business hours at the office of the Clerk of the Court, United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 599, Detroit, MI 48226. (Please check the Court's website, www.mied.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

47. You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www._____.com. You may also call

the Claims Administrator toll free at (_____) ____-_____ or write to the Claims Administrator at *Credit Acceptance Securities Litigation,* c/o_____.

**Please do not call the Court with questions about the Settlement.**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

**21.  How will my claim be calculated?**

48.     The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Lead Plaintiffs and Lead Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at: _____.

49.     As noted above, the Settlement Amount and the interest it earns is the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a "Recognized Claim" according to the Court-approved Plan of Allocation.  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will still be bound by the Settlement.

- 28 -

50.     The objective of this Plan of Allocation is to distribute the Net Settlement Fund among those Settlement Class Members who allegedly suffered economic losses as a result of the alleged wrongdoing.  To design this plan, Lead Counsel conferred with Lead Plaintiffs' damages expert.  This plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Plaintiffs and Lead Counsel believe were recoverable in the Action.  The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants.  An individual Settlement Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when the Claimant purchased Credit Acceptance publicly traded common stock; and (iii) whether and when the Claimant sold his, her, or its shares of Credit Acceptance publicly traded common stock.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.   The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

51.     For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue.  Lead Plaintiffs allege that Defendants issued false statements and omitted material facts during the Class Period, which allegedly artificially inflated the price of Credit Acceptance publicly traded common stock.  Defendants deny the allegations and the assertion that any damages were suffered by any members of the Settlement Class as a result of their conduct.

52.     In this Action, Lead Plaintiffs allege that corrective information allegedly impacting the price of Credit Acceptance common stock (which is referred to as a "corrective disclosure") was released to the market on January 30, 2020 and August 31, 2020, and allegedly impacted the price of Credit Acceptance common stock on January 31, 2020 and August 31, 2020 in a statistically significant manner by removing the alleged artificial inflation from the share price on those days. Accordingly, in order to have a compensable loss in this Settlement, shares of Credit Acceptance common stock must have been purchased or otherwise acquired during the Class Period and held through at least one of the alleged corrective disclosure dates listed above.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

53.     Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase/acquisition of Credit Acceptance publicly traded

common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.  The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

54.    For purposes of determining whether a Claimant has a "Recognized Claim," if a Claimant has more than one purchase/acquisition or sale of Credit Acceptance publicly traded common stock during the Class Period, all purchases/acquisitions and sales will be matched on a "First In First Out" (FIFO) basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

55.    For each share of Credit Acceptance common stock purchased or otherwise acquired during the Class Period and sold before the close of trading on November 27, 2020, an "Out of Pocket Loss" will be calculated.  Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions).  To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

56.    **For each share of Credit Acceptance common stock purchased or acquired from May 4, 2018 through and including January 30, 2020, and**:

A. Sold before January 31, 2020, the Recognized Loss Amount for each such share shall be zero.

B. Sold from January 31, 2020 through August 28, 2020, the Recognized Loss Amount for each such share shall be *the lesser of*:

1. $28.65; or

2. the Out of Pocket Loss.

C. Sold after the close of trading on August 28, 2020 and before the close of trading on November 27, 2020, the Recognized Loss Amount for each such share shall be *the least of*:

1. $91.40; or

2. the actual purchase/acquisition price of each such share *minus* the average closing price from August 31 2020, up to the date of sale as set forth in **Table 1** below; or

3. the Out of Pocket Loss.

D. Held as of the close of trading on November 27, 2020, the Recognized Loss Amount for each such share shall be *the lesser of*:

1. $91.40; or

2. the actual purchase/acquisition price of each such share *minus* $329.22.[4]

57.     **For each share of Credit Acceptance common stock purchased or acquired from January 31, 2020 through and including August 28, 2020, and**:

---

[4]     Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Credit Acceptance common stock during the "90-day look-back period," August 31, 2020 through November 27, 2020.  The mean (average) closing price for Credit Acceptance common stock during this 90-day look-back period was $329.22.

A. Sold before August 31, 2020, the Recognized Loss Amount for each such share shall be zero.

B. Sold from August 31, 2020 through the close of trading on November 27, 2020, the Recognized Loss Amount for each such share shall be ***the least of***:

   1. $62.75; or

   2. the actual purchase/acquisition price of each such share *minus* the average closing price from August 31, 2020 up to the date of sale as set forth in **Table 1** below; or

   3. the Out of Pocket Loss.

C. Held as of the close of trading on November 27, 2020, the Recognized Loss Amount for each such share shall be ***the lesser of***:

   1. $62.75; or

   2. the actual purchase/acquisition price of each such share *minus* $329.22.[5]

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

58.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.   The *pro rata* share shall be the Authorized Claimant's

---

[5]     As explained in footnote 4 above, pursuant to the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Credit Acceptance common stock during the 90-day look-back period, August 31, 2020 through November 27, 2020. The mean (average) closing price for Credit Acceptance common stock during this 90-day look-back period was $329.22.

Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

59.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

60.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

61.     Purchases and sales of Credit Acceptance publicly traded common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant of shares of Credit Acceptance publicly traded common stock by gift, inheritance, or operation of law during the Class Period will not be deemed an eligible purchase or sale of Credit Acceptance publicly traded common stock for the calculation of a Claimant's Recognized Claim, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase of Credit Acceptance common stock unless (i) the donor or decedent purchased or otherwise acquired the shares during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of

the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

62. In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" is zero that is not covered by a purchase or acquisition is also zero.

63. In the event that a Claimant has an opening short position in Credit Acceptance common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery. In the event that a Claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

64. Credit Acceptance common stock is the only security eligible for recovery under the Plan of Allocation. With respect to Credit Acceptance common stock purchased or sold through the exercise of an option, the purchase/sale date of the Credit Acceptance common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

65.     If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after a reasonable amount of time from the date of initial distribution of the Net Settlement Fund, and after payment of outstanding Notice and Administration Expenses, Taxes, attorneys' fees and expenses, and any awards to Lead Plaintiffs, the Claims Administrator shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion until it is no longer economically feasible to do so.  Thereafter, any *de minimis* balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses and any awards to Lead Plaintiffs, shall be donated to Consumer Federation of America, or such other secular, non-profit approved by the Court.

66.     Payment pursuant to the Plan of Allocation or such other plan of allocation as may be approved by the Court will be conclusive against all claimants. No person will have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, the Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiffs, Defendants, Defendants' Counsel, and all other Released Parties will have no responsibility for or liability

whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

67.     Each Claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to his, her, or its claim.

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

68.     If you purchased or otherwise acquired Credit Acceptance publicly traded common stock during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice and Claim Form promptly to such identified beneficial owners; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Notice and Claim Form directly to all the beneficial owners of those shares.  If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to

the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.  Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives.   All communications concerning the foregoing should be addressed to the Claims Administrator:

<div align="center">

*Credit Acceptance Securities Litigation*
c/o _____
_____
_____

</div>

Dated: _____, 2022   BY ORDER OF THE UNITED
                STATES DISTRICT COURT
                EASTERN DISTRICT OF MICHIGAN

<div align="center">

## TABLE 1

**Credit Acceptance Common Stock Closing Price and Average Closing Price
August 31, 2020 – November 27, 2020**

</div>

| Date | Closing Price | Average Closing Price Between August 31, 2020 and Date Shown | Date | Closing Price | Average Closing Price Between August 31, 2020 and Date Shown |
|---|---|---|---|---|---|
| 8/31/2020 | $386.80 | $386.80 | 10/15/2020 | $343.63 | $342.28 |

| Date | Closing Price | Average Closing Price Between August 31, 2020 and Date Shown | Date | Closing Price | Average Closing Price Between August 31, 2020 and Date Shown |
|---|---|---|---|---|---|
| 9/1/2020 | $374.07 | $380.44 | 10/16/2020 | $333.62 | $342.02 |
| 9/2/2020 | $385.70 | $382.19 | 10/19/2020 | $333.00 | $341.76 |
| 9/3/2020 | $373.95 | $380.13 | 10/20/2020 | $340.03 | $341.72 |
| 9/4/2020 | $375.55 | $379.21 | 10/21/2020 | $337.97 | $341.61 |
| 9/8/2020 | $362.37 | $376.41 | 10/22/2020 | $336.15 | $341.47 |
| 9/9/2020 | $361.14 | $374.23 | 10/23/2020 | $339.64 | $341.42 |
| 9/10/2020 | $343.70 | $370.41 | 10/26/2020 | $334.54 | $341.25 |
| 9/11/2020 | $337.85 | $366.79 | 10/27/2020 | $324.58 | $340.84 |
| 9/14/2020 | $343.56 | $364.47 | 10/28/2020 | $313.36 | $340.19 |
| 9/15/2020 | $336.60 | $361.94 | 10/29/2020 | $318.82 | $339.69 |
| 9/16/2020 | $339.53 | $360.07 | 10/30/2020 | $298.12 | $338.75 |
| 9/17/2020 | $329.68 | $357.73 | 11/2/2020 | $303.13 | $337.96 |
| 9/18/2020 | $319.64 | $355.01 | 11/3/2020 | $301.70 | $337.17 |
| 9/21/2020 | $308.95 | $351.94 | 11/4/2020 | $305.57 | $336.50 |
| 9/22/2020 | $306.43 | $349.10 | 11/5/2020 | $311.11 | $335.97 |
| 9/23/2020 | $297.31 | $346.05 | 11/6/2020 | $312.36 | $335.49 |
| 9/24/2020 | $297.84 | $343.37 | 11/9/2020 | $317.10 | $335.12 |
| 9/25/2020 | $303.29 | $341.26 | 11/10/2020 | $315.66 | $334.74 |
| 9/28/2020 | $321.00 | $340.25 | 11/11/2020 | $314.91 | $334.36 |
| 9/29/2020 | $333.00 | $339.90 | 11/12/2020 | $304.56 | $333.79 |
| 9/30/2020 | $338.64 | $339.85 | 11/13/2020 | $313.28 | $333.41 |
| 10/1/2020 | $347.13 | $340.16 | 11/16/2020 | $315.76 | $333.09 |
| 10/2/2020 | $353.93 | $340.74 | 11/17/2020 | $314.18 | $332.75 |
| 10/5/2020 | $350.00 | $341.11 | 11/18/2020 | $311.62 | $332.38 |
| 10/6/2020 | $334.91 | $340.87 | 11/19/2020 | $307.60 | $331.96 |
| 10/7/2020 | $342.85 | $340.94 | 11/20/2020 | $293.31 | $331.30 |
| 10/8/2020 | $356.44 | $341.50 | 11/23/2020 | $288.29 | $330.58 |
| 10/9/2020 | $353.82 | $341.92 | 11/24/2020 | $307.71 | $330.21 |
| 10/12/2020 | $345.59 | $342.04 | 11/25/2020 | $298.34 | $329.70 |
| 10/13/2020 | $343.48 | $342.09 | 11/27/2020 | $299.55 | $329.22 |
| 10/14/2020 | $346.72 | $342.23 | | | |

# Exhibit A-2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| PALM TRAN, INC. AMALGAMATED TRANSIT UNION LOCAL 1577 PENSION PLAN, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>CREDIT ACCEPTANCE CORPORATION, BRETT A. ROBERTS, and KENNETH S. BOOTH,<br><br>        Defendants. | Case No. 20-cv-12698<br>Honorable Linda V. Parker |

## PROOF OF CLAIM AND RELEASE FORM

### I.      GENERAL INSTRUCTIONS

1.      To recover as a member of the Settlement Class based on your claims in the class action entitled *Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan v. Credit Acceptance Corporation,* No. 2:20-cv-12698-LVP-EAS (E.D. Mich.) (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2.      **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW._____ NO LATER THAN _____, 2022 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2022, ADDRESSED AS FOLLOWS:**

<div align="center">

*Credit Acceptance Securities Litigation*
c/o _____
P.O. Box_____
_____
City, State Zip code

</div>

3.      If you are a member of the Settlement Class and you do not timely request exclusion in response to the Notice dated _____, 2022, you are bound by and subject to the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.      CLAIMANT IDENTIFICATION

4.      If you purchased shares of the publicly traded common stock of Credit Acceptance Corporation ("Credit Acceptance" or the "Company") during the period from May 4, 2018 through August 28, 2020, inclusive (the "Class Period") and held the stock in your name, you are the beneficial owner as well as the record owner. If, however, you purchased Credit Acceptance publicly traded common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.      Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Credit Acceptance publicly traded common stock that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

<div align="center">2</div>

6.     All joint owners must sign this claim.  Executors, administrators, guardians, conservators, legal representatives, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.   IDENTIFICATION OF TRANSACTIONS

7.     Use **Part II** of this form entitled "Schedule of Transactions in Credit Acceptance Publicly Traded Common Stock" to supply all required details of your transaction(s) in Credit Acceptance publicly traded common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

8.     On the schedules, provide all of the requested information with respect to your holdings, purchases, and sales of Credit Acceptance publicly traded common stock, whether the transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

9.     The date of covering a "short sale" is deemed to be the date of purchase of Credit Acceptance publicly traded common stock.  The date of a "short sale" is deemed to be the date of sale.

10.    Copies of broker confirmations or other documentation of your transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR**

3

**TRANSACTIONS IN CREDIT ACCEPTANCE PUBLICLY TRADED COMMON STOCK.**

11.    NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request to, or may be asked to, submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the Settlement website.)   All such Claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you must contact the Claims Administrator at (___) ___-____ to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

# PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name          MI          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name          MI          Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                                  State      ZIP/Postal Code

Foreign Country (only if not USA)                    Foreign County (only if not USA)

Social Security Number (last four digits only)     Taxpayer Identification Number (last four digits only)

OR

Telephone Number (home)               Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):
- ☐ Individual (includes joint owner accounts)     ☐ Pension Plan     ☐ Trust
- ☐ Corporation                                     ☐ Estate
- ☐ IRA/401K                                         ☐ Other _____ (please specify)

5

## PART II:   SCHEDULE OF TRANSACTIONS IN CREDIT ACCEPTANCE PUBLICLY TRADED COMMON STOCK

**1. BEGINNING HOLDINGS -** State the total number of shares of Credit Acceptance common stock held at the close of trading on May 3, 2018.  If none, write "0" or "Zero." (Must submit documentation.) _____

**2.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of Credit Acceptance common stock from May 4, 2018 through and including August 28, 2020.  (Must submit documentation.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3.  PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of Credit Acceptance common stock purchased/acquired from August 31, 2020 through and including November 27, 2020.[1]  (Must submit documentation.) _____

**4. SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale of Credit Acceptance common stock from May 4, 2018 through and including the close of trading on November 27, 2020.  (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**5.  ENDING HOLDINGS –** State the total number of shares of Credit Acceptance common stock held as of the close of trading on November 27, 2020.  If none, write "0" or "Zero." (Must submit documentation.) _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

---

[1] Information requested in this Claim Form with respect to your purchases/acquisitions on August 31, 2020 through and including the close of trading on November 27, 2020, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases/acquisitions during this period, however, are not eligible for a recovery because they are outside the Class Period and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

6

## IV.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

12.    By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation described in the accompanying Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of Michigan (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein.   I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in publicly traded Credit Acceptance common stock, if required to do so.  I (We) have not submitted any other claim covering the same transactions in publicly traded Credit Acceptance common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

13.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

14.    As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Claims as to each and all of the Released Defendant Parties (as these terms are defined in

7

the accompanying Notice).  This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

15.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases/acquisitions and sales of publicly traded Credit Acceptance common stock that occurred during the time periods requested and the number of shares held by me (us), to the extent requested.

17.    I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)


I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2022


_____        _____
Signature of Claimant                                    Type or print name of Claimant



_____        _____
Signature of Joint Claimant, if any                 Type or print name of Joint Claimant, if any


_____        _____
Signature of person signing on behalf       Type or print name of person signing
of Claimant                                                     on behalf of Claimant

_____
Capacity of person signing on behalf of Claimant, if other than an individual (e.g., Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

## REMINDER CHECKLIST:

1.      Please sign this Claim Form.

2.      DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.      Attach only copies of supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form for your records.

5.      The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  **Your claim is not deemed submitted until you receive an acknowledgment postcard.**  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at XXX-XXX-XXXX.

6.      If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# Exhibit A-3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PALM TRAN, INC. AMALGAMATED
TRANSIT UNION LOCAL 1577 PENSION
PLAN, Individually and On Behalf of All
Others Similarly Situated,

        Plaintiff,

        v.

CREDIT ACCEPTANCE CORPORATION,
BRETT A. ROBERTS, and KENNETH S.
BOOTH,

        Defendants.

Case No. 20-cv-12698
Honorable Linda V. Parker

## SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**To: All persons and entities that purchased or otherwise acquired the publicly traded common stock of Credit Acceptance Corporation during the period from May 4, 2018 through August 28, 2020, inclusive, and were damaged thereby (the "Settlement Class")**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Michigan, that Lead Plaintiffs Ontario Provincial Council of Carpenters' Pension Trust Fund and Millwright Regional Council of Ontario Pension Trust Fund ("Lead Plaintiffs"), on behalf of themselves and all members of the

Settlement Class, and Defendants Credit Acceptance Corporation ("Credit Acceptance" or the "Company"), Brett A. Roberts and Kenneth S. Booth (collectively, the "Individual Defendants" and, with Credit Acceptance, "Defendants" and, together with Lead Plaintiffs, the "Parties") have reached a proposed settlement of the claims in the above-captioned class action (the "Action") and related claims in the amount of $12,000,000 (the "Settlement").

A hearing will be held before the Honorable Linda V. Parker, either in person or remotely in the Court's discretion, on _____, 2022, at ____ ____.m. in Courtroom 206 of the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI, 48226. (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated _____ ___, 2022; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice.  You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting the website for the Settlement, www._____, or by contacting the Claims Administrator at:

*Credit Acceptance Securities Litigation*
c/o _____
P.O. Box_____
_____
City, State Zipcode
www._____
(_____) _____-_____

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

**LABATON SUCHAROW LLP**
Michael P. Canty, Esq.
140 Broadway
New York, NY 10005
settlementquestions@labaton.com
(888) 219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than _____ __, 2022.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will

3

nevertheless be bound by all judgments or orders entered by the Court, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is ***received no later than*** _____ __*, 2022.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are ***received no later than*** _____ __*, 2022*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

DATED: _____, 2022      BY ORDER OF THE COURT
                                     UNITED STATES DISTRICT COURT
                                     EASTERN DISTRICT OF MICHIGAN

# Exhibit B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| PALM TRAN, INC. AMALGAMATED TRANSIT UNION LOCAL 1577 PENSION PLAN, Individually and On Behalf of All Others Similarly Situated, | Case No. 20-cv-12698 Honorable Linda V. Parker |
| Plaintiff, |  |
| v. |  |
| CREDIT ACCEPTANCE CORPORATION, BRETT A. ROBERTS, and KENNETH S. BOOTH, |  |
| Defendants. |  |

## <u>[PROPOSED] FINAL ORDER AND JUDGMENT</u>

**WHEREAS:**

A.     As of _____, 2022, Lead Plaintiffs Ontario Provincial Council of Carpenters' Pension Trust Fund and Millwright Regional Council of Ontario Pension Trust Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and all other members of the proposed Settlement Class (defined below), on the one hand, and Defendants Credit Acceptance Corporation ("Credit Acceptance" or the "Company"), Brett A. Roberts and Kenneth S. Booth (collectively, "Defendants,"

1

and together with Lead Plaintiffs, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");

B.    Pursuant to the Proposed Order Granting Preliminary Approval of Class Action Settlement, entered _____, 2022 (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, 2022, at ___:00 ___.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C.    The Court ordered that the Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the

2

"Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D.   The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by _____, 2022;

E.   The provisions of the Preliminary Approval Order as to notice were complied with;

F.   On _____, 2022, Lead Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on _____, 2022, at which time all interested Persons were afforded the opportunity to be heard; and

G.   This Court has duly considered Lead Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, and memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.  **Incorporation of Settlement Documents**.  This Judgment incorporates and makes a part hereof:  (i) the Stipulation filed with the Court on _____, 2022; and (ii) the Notice, which was filed with the Court on _____, 2022.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.  **Jurisdiction**.  This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3.  **Class Certification for Purposes of Settlement**.  The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of:  all persons and entities who or which purchased or otherwise acquired the publicly traded common stock of Credit Acceptance during the period from May 4, 2018 through August 28, 2020, inclusive, and who were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each of the Individual Defendants; (iii) any person who was an employee, officer or director of Credit Acceptance during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has a controlling interest; (v) any subsidiary or affiliate of Credit Acceptance; and (vi) the legal representatives, heirs, successors-in-interest,

or assigns of any such excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are those Persons who or which have timely and validly sought exclusion from the Settlement Class and are listed on the annexed Exhibit A as having submitted an exclusion request allowed by the Court.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Ontario Provincial Council of Carpenters' Pension Trust Fund and Millwright Regional Council of Ontario Pension Trust Fund as Class Representatives for the Settlement Class; and finally appoints the law firm of Labaton Sucharow LLP as Class Counsel for the Settlement Class and Clark Hill PLC as Liaison Counsel.

5.      **Notice**.  The Court finds that the dissemination of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Lead Counsel's request for payment of attorneys' fees and Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object thereto or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate,

and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.    The Defendants have provided notification to all appropriate federal and state officials regarding the Settlement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

7.    **Objections**.  [There have been no objections to the Settlement.]

8.    **Final Settlement Approval and Dismissal of Claims**.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of

distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.  The Parties are hereby directed to consummate the Stipulation and to perform its terms.

9.     The Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on July 22, 2021, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

10.     **Rule 11 Findings**.  The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

11.     **Releases**.    The releases set forth in paragraphs 3 and 4 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  Without further

7

action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, each of the Lead Plaintiffs shall have, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed and discharged any and all of the Released Claims against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers a Claim Form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

12.     Upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their capacities as such, shall have fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged any and all of the Released Defendants' Claims against each of the Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any and all of the Released Defendants' Claims against any of the Released Plaintiff Parties.  Claims to enforce the terms of the Stipulation are not released.  Notwithstanding the foregoing, nothing in this

8

Judgment shall constitute a release or waiver of any insurance that may be available to any of the Defendants.

13.     Notwithstanding paragraphs 11 to 12 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14.     **Binding Effect**.  The terms of the Stipulation and this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and each Settlement Class Member (whether or not such Settlement Class Member executes and delivers a Claim Form), as well as their respective successors and assigns.

15.     **No Admissions**.  This Judgment and the Stipulation (including any exhibits thereto, the Supplemental Agreement, and any Plan of Allocation), whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

         (a)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption,

concession, or admission by any of the Defendants or the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any of the Defendants' defenses;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Lead Plaintiffs, or any other member of the Settlement Class, as evidence of any infirmity in the claims of Lead Plaintiffs, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Lead Plaintiffs, other members of the Settlement Class, or their

10

respective counsel, in any other civil, criminal, or administrative action or proceeding; provided, however, the Parties and Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise as may be necessary to effectuate the provisions of the Stipulation;

(d)    do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17.    **Termination of Settlement**.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment

11

shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 45 of the Stipulation.

18.     **Modification of the Stipulation**.  Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     **Fee Order and Order on Plan of Allocation**.  A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of Litigation Expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20.    **Retention of Jurisdiction**.   Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of Litigation Expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

21.    **Entry of Final Judgment**.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this _____ day of  _____, 2022

_____
HONORABLE LINDA V. PARKER
UNITED STATES DISTRICT JUDGE

13

**EXHIBIT A**

14