# Labaton Sucharow

**Michael P. Canty**
Partner
212 907-0863 direct
212 907 0700 main
212 883 7063 fax
mcanty@labaton.com

New York Office
140 Broadway
New York, NY 10005

September 1, 2022

**VIA ECF**

The Honorable Linda V. Parker
United States District Court
Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 204
Detroit, MI 48226

RE:  *Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan v. Credit Acceptance Corp., et al.*, Civil Action No. 2:20-cv-12698-LVP-EAS

Dear Judge Parker,

We represent Lead Plaintiffs in the above-referenced matter.  At the hearing on Lead Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion," ECF No. 42), Your Honor requested that Lead Plaintiffs submit supplemental authority concerning securities class action settlements that recovered a percentage of estimated damages comparable to those estimated here.  As set forth in Lead Plaintiffs' Motion, the proposed settlement represents a recovery between approximately 3.2% to 4.6% of Lead Plaintiffs' consulting damages expert's estimate of damages recoverable in this action if Lead Plaintiffs were to prevail at trial.  Motion at 12-13.  Lead Plaintiffs respectfully submit the below authority.

Courts within the Sixth Circuit have recognized that, on average, securities class actions settle for as low as 3% of aggregate damages.  *See, e.g.*, *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 497 (E.D. Mich. 2008) (observing that the average securities class action settles for between 3% and 15% of estimated damages); *see also In re: Whirlpool Corp. Front-loading Washer Prods. Liab. Litig.*, No. 1:08-WP-65000, 2016 WL 5338012, at *17 (N.D. Ohio Sept. 23, 2016) ("It is well-settled that a cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement inadequate or unfair. Indeed, there is no reason, at least in

**Labaton**
**Sucharow**

September 1, 2022
Page 2

theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery.").

Moreover, courts within the Second, Third and Ninth Circuits, where many securities class actions are filed, regularly approve class action settlements at or below the estimated percentage of recovery here.  For example:

- *Hicks v. Morgan Stanley*, No. 01 CIV. 10071 (RJH), 2005 WL 2757792, at *7 (S.D.N.Y. Oct. 24, 2005) (approving settlement representing 3.8% of estimated damages);

- *In re AT & T Corp. Sec. Litig.*, 455 F.3d 160, 170 (3d Cir. 2006) (affirming settlement that objectors contended amounted to 4% of estimated damages);

- *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 246 F.R.D. 156, 167 (S.D.N.Y. 2007) (approving settlement that was "between approximately 3% and 7% of estimated damages [and] within the range of reasonableness for recovery in the settlement of large securities class actions");

- *Int'l Bhd. of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech., Inc.*, No. 3:09-cv-00419-MMD-WGC, 2012 WL 5199742, at *3 (D. Nev. Oct. 19, 2012) (approving settlement representing about 3.5% of estimated damages, noting that the "amount [was] within the median recovery in securities class actions");

- *Schuler v. Medicines Co.*, No. CV 14-1149 (CCC), 2016 WL 3457218, at *8 (D.N.J. June 24, 2016) (approving settlement representing recovery of approximately 4% of estimated damages, noting that the recovery "fell squarely within the range of previous settlement approvals"); and

- *In re Extreme Networks, Inc. Sec. Litig.*, No. 5:15-cv-04883-BLF (N.D. Cal. Jul. 22, 2019) – ECF Nos. 155 & 182 (approving settlement representing recovery between approximately 3% and 7% of estimated damages).

**Labaton
Sucharow**

September 1, 2022
Page 3

Finally, as noted in Lead Plaintiffs' moving papers, the $12 million proposed settlement here handily exceeds the $8.3 million median recovery in securities class actions in 2021. *See* Motion at 13 n.4.

We appreciate Your Honor's attention to this matter and again respectfully request that the Court grant Lead Plaintiffs' Motion.

Respectfully submitted,

By:    /s/ Michael P. Canty
**LABATON SUCHAROW LLP**
Michael P. Canty
Thomas G. Hoffman, Jr.
Charles J. Stiene
140 Broadway
New York, New York 10005
Tel.: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com
thoffman@labaton.com
cstiene@labaton.com

*Lead Counsel for Lead Plaintiffs and the
Proposed Class*