## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| PALM TRAN, INC. AMALGAMATED TRANSIT UNION LOCAL 1577 PENSION PLAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION, BRETT A. ROBERTS, and KENNETH S. BOOTH,<br><br>Defendants. | Case No. 20-cv-12698<br>Honorable Linda V. Parker |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND PLAN OF ALLOCATION AND LEAD COUNSEL'S MOTION FOR
AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF EXPENSES**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................... ii

STATEMENT OF ISSUES PRESENTED............................................................1

PRELIMINARY STATEMENT AND HISTORY OF THE NOTICE
      PROGRAM.....................................................................................2

LEGAL ARGUMENT.......................................................................4

I.    THE REACTION OF THE SETTLEMENT CLASS STRONGLY
    SUPPORTS APPROVAL OF THE SETTLEMENT AND THE
    PLAN OF ALLOCATION..................................................................4

II.   THE REACTION OF THE SETTLEMENT CLASS STRONGLY
    SUPPORTS APPROVAL OF THE REQUESTED ATTORNEYS'
    FEES AND EXPENSES ..................................................................5

III.  CLAIM FILING TO DATE ..........................................................6

CONCLUSION ...............................................................................7

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Art Materials Antitrust Litig.*,
   100 F.R.D. 367 (N.D. Ohio 1983) .......................................................................5

*In re Delphi Corp. Sec., Derivative & ERISA Litig.*,
   248 F.R.D. 483 (E.D. Mich. 2008) ......................................................................5

*In re Nationwide Fin. Servs. Litig.*,
   No. 08-CV-00249, 2009 WL 8747486 (S.D. Ohio Aug. 19, 2009) .....................4

*N.Y. State Tchrs.' Ret. Sys. v. Gen. Motors Co.*,
   315 F.R.D. 226 (E.D. Mich. 2016), *aff'd sub nom. Marro v. N.Y.
   State Tchrs. Ret Sys*. No. 16-1821, 2017 WL 6398014 (6th Cir.
   Nov. 27, 2017) .....................................................................................................5

## STATEMENT OF ISSUES PRESENTED

1.      Whether the reaction of the Settlement Class supports final approval of the proposed class action Settlement and approval of the proposed Plan of Allocation for distributing the proceeds of the Settlement to eligible Settlement Class Members?

Suggested Answer: Yes, the reaction of a class to a settlement is a significant factor in weighing whether to approve a proposed class settlement. Here, no objections to the Settlement or Plan of Allocation have been received, and only one invalid request for exclusion, from a person who is not a member of the Settlement Class, has been received.  This reaction weighs heavily in favor of approval.

2.      Whether the reaction of the Settlement Class supports approval of Lead Counsel's motion for an award of attorneys' fees and expenses?

Suggested Answer: Yes.  No objections to Lead Counsel's motion for an award of attorneys' fees and expenses have been received, weighing heavily in favor of approval.

Lead Plaintiffs Ontario Provincial Council of Carpenters' Pension Trust Fund and Millwright Regional Council of Ontario Pension Trust Fund ("Lead Plaintiffs"),[1] on behalf of themselves and all other members of the Settlement Class, together with Lead Counsel respectfully submit this reply memorandum of law in further support of (i) Lead Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation for the proceeds of the Settlement (ECF No. 51); and (ii) Lead Counsel's motion for an award of attorneys' fees and payment of litigation expenses (the "Motions") (ECF No. 52.

## PRELIMINARY STATEMENT AND HISTORY OF THE NOTICE PROGRAM

On September 19, 2022, the Court entered an order preliminarily approving the Settlement and approving the proposed forms and methods of providing notice to the Settlement Class (the "Preliminary Approval Order"). ECF No. 48.  Pursuant to and in compliance with the Preliminary Approval Order, through records maintained by Credit Acceptance's transfer agent and information provided by brokerage firms and other nominees, the Court-appointed Claims Administrator JND Legal Administration ("JND"), caused, among other things, the Notice and

---

[1]  All capitalized terms used and not defined herein have the meanings given them in the Stipulation and Agreement of Settlement, dated August 24, 2022 (the "Stipulation"), previously filed with the Court. ECF No. 42-2.

2

Claim Form (together, the "Notice Packet") to be mailed by first-class mail to potential Settlement Class Members. Through November 28, 2022, a total of 66,018 Notice Packets have been mailed to potential members of the Settlement Class. *See* Supplemental Declaration of Luiggy Segura Regarding (A) Mailing of the Notice Packet; (B) Report on Requests for Exclusion; and (C) Claims Received to Date, dated November 30, 2022 ("Supplemental Mailing Decl."), ¶2, filed herewith.

On October 17, 2022, the Summary Notice was published in *The Wall Street Journal* and was disseminated over the internet using *PR Newswire*. *See* Declaration of Luiggy Segura Regarding (A) Mailing of the Notice Packet; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date, dated November 2, 2022 ("Initial Mailing Decl."), ¶13 (ECF No. 53-5). The Notice and Claim Form were also posted, for review and easy downloading, on the Depository Trust Company's "Legal Notice System" and the website established by JND for purposes of this Settlement. *Id.* ¶¶9, 15.

The Notice described, *inter alia*, the terms of the Settlement, the maximum amounts that would be sought in attorneys' fees and expenses, the Plan of Allocation, the right to object to the Settlement, and the right to seek to be excluded from the Settlement Class. *See generally* Initial Mailing Decl., Ex. A. The Notice also gave the deadlines for objecting, seeking exclusion, submitting

3

claims, and advised potential Settlement Class Members of the scheduled Settlement Hearing before this Court. *Id*. The deadline to object or request exclusion was November 16, 2022.

In response to the dissemination of more than 66,000 Notices to potential Settlement Class Members, **no** objections and **only one** invalid request for exclusion (submitted by someone who purported to buy General Electric stock in 2005) have been received. No one has objected to the Plan of Allocation or to Lead Counsel's motion for attorneys' fees and expenses.

## LEGAL ARGUMENT

I.    **THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND THE PLAN OF ALLOCATION**

"In considering a class action settlement, the Court should also look to the reaction of the class members." *In re Nationwide Fin. Servs. Litig.*, No. 08-CV-00249, 2009 WL 8747486, at *7 (S.D. Ohio Aug. 19, 2009). "The lack of significant objections is powerful evidence of the fairness of a proposed settlement." *Id*.

The fact that the Settlement Class's reaction here is resoundingly positive (no member of the Settlement Class has validly elected to opt out of the Settlement or objected to any aspect of the Settlement) is very strong evidence that the Settlement is fair, adequate, and in the best interests of the Settlement Class. *See In*

*re Art Materials Antitrust Litig.*, 100 F.R.D. 367, 372 (N.D. Ohio 1983) (the overwhelming approval of a proposed settlement by class members "is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement"); *see also N.Y. State Tchrs.' Ret. Sys. v. Gen. Motors Co.*, 315 F.R.D. 226, 241 (E.D. Mich. 2016), *aff'd sub nom. Marro v. N.Y. State Tchrs. Ret Sys*. No. 16-1821, 2017 WL 6398014 (6th Cir. Nov. 27, 2017) ("the small number of objections received from absent Class members . . . weigh in favor of approving the Settlement").

## II.   THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE REQUESTED ATTORNEYS' FEES AND EXPENSES

"The Class's reaction to the requested fee award is also important evidence of the fairness and reasonableness of the fee request." *In re Delphi Corp. Sec., Derivative & ERISA Litig.*, 248 F.R.D. 483, 504 (E.D. Mich. 2008). It is well recognized that a lack of objections to a fee and expense request represents strong evidence that the request is fair. *Id*. ("The Class's overwhelming favorable response lends further support to the conclusion that the requested fee award is fair and reasonable."). Here, there have been no objections to any part of Lead Counsel's request for attorneys' fees or expenses.

Accordingly, the overwhelmingly positive response of the Settlement Class here fully supports both the motion for approval of the Settlement and Plan of Allocation and the motion for an award of attorneys' fees and expenses.

### III.   CLAIM FILING TO DATE

The Notice and Claim Form notified Settlement Class Members that, in order to qualify for a payment from the Net Settlement Fund, a Claim Form with supporting documentation must be submitted by December 2, 2022. As of November 28, 2022, JND has received approximately 5,294 claims. *See* Supplemental Mailing Decl. ¶7.  Of the claims received through November 28, 2022, approximately 4,987 claims were filed electronically by institutions, approximately 117 claims were submitted by mail, and approximately 190 claims were submitted through the Settlement Website's claim filing portal. *Id*.

A preliminary unaudited estimate of losses, calculated pursuant to the proposed Plan of Allocation set forth in the Notice, for the 5,294 claims received through November 28, 2022, is $68,607,540.00 and the average loss per claim is approximately $12,950.00. *Id*. ¶8.  (Actual payments from the Settlement will be eligible claimants' *pro rata* share, based on their losses, of the Net Settlement Fund, which will not be known until the completion of the claims process.)  Of the 3,285 preliminarily eligible claims, 3,161 are claiming less than 1,000 shares purchased during the Class Period, and 124 are claiming more than 1,000 shares purchased during the Class Period. The remaining 2,009 claims are preliminarily ineligible. ¶8.  These loss figures are preliminary and do not include any quality assurance review or fraud review.  *Id*. Moreover, the claim deadline has not passed

and additional claims will be submitted and accepted.  Importantly, claimants will be notified about deficiencies in their claims and be given an opportunity to cure any deficient or rejected claims.

## CONCLUSION

For the reasons set forth herein and the opening papers filed in support of the Motions, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation as fair, reasonable, and adequate, and approve the request for attorneys' fees and payment of expenses. The following proposed orders are being submitted herewith: (i) the Final Order and Judgment negotiated by the Parties; (ii) an Order awarding attorneys' fees and expenses; and (iii) an Order approving the proposed Plan of Allocation.

Dated:  November 30, 2022

*/s/ Michael P. Canty*
**LABATON SUCHAROW LLP**
Michael P. Canty
Thomas G. Hoffman, Jr.
Charles J. Stiene
140 Broadway
New York, New York 10005
Tel.: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com
thoffman@labaton.com
cstiene@labaton.com

*Lead Counsel for Lead Plaintiffs and*

Respectfully Submitted,

Kelly E. Kane (P81912)
**CLARK HILL PLC**
Woodward Ave
Suite 3500
Detroit, Michigan 48226
Tel.: (313) 309-9495
Fax: (313) 309-6875
Email: kkane@clarkhill.com

**CLARK HILL PLC**
Ronald A. King (P45088)
212 E. Cesar Chavez Ave
Lansing, Michigan 48906
Tel.: (517) 318-3015

7

*the Proposed Class*                                   Fax: (517) 318-3068
                                                       rking@clarkhill.com

                                                       *Liaison Counsel for Lead Plaintiffs*

8

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered ECF participants.

/s/ *Michael P. Canty*
MICHAEL P. CANTY

9